# United States Court of Appeals for the Federal Circuit

05-3053

ROMEO M. RASING,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Charles E. Moore, Simpson & Brenner, LLP, of San Diego, California, argued for petitioner.

David D. D'Alessandris, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3053

ROMEO M. RASING,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:   April 7, 2006

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

Romeo M. Rasing petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his claim that the Department of the Navy ("Navy" or "agency") violated his reemployment priority rights after he was separated from the agency in the course of a reduction in force ("RIF").   <u>Rasing v. Dep't of the Navy</u>, 97 M.S.P.R. 373 (2004) ("<u>Final Decision</u>").   In an initial decision, the administrative judge ("AJ") assigned to Mr. Rasing's case held that the Board lacked jurisdiction over his claim.   <u>Rasing v. Dep't of the Navy</u>, No. SF0330010268-I-1, slip op.

at 6 (M.S.P.B. Apr. 30, 2001) ("Initial Decision"). Pursuant to 5 C.F.R. § 1200.3(b) (2006),[1] the Initial Decision became the final decision of the Board when the two sitting Members of the Board were unable to agree on a ruling in response to Mr. Rasing's petition for review. Final Decision, 97 M.S.P.R. at 374. We affirm.

BACKGROUND

I.

We begin with the regulatory scheme that frames this case. Under the Veterans' Preference Act of 1944, Pub. L. No. 78-359, 58 Stat. 387 (codified at 5 U.S.C. §§ 2108, 3309-3320), "[a] preference eligible who has been separated or furloughed without delinquency or misconduct, on request, is entitled to have his name placed on appropriate registers and employment lists for every position for which his qualifications have been established." 5 U.S.C. § 3315(a) (2000). The Office of Personnel Management ("OPM") has adopted regulations to implement the requirements of section 3315. The regulations are codified in Subpart B of Part 330 of Title 5 of the Code of Federal Regulations. See 5 C.F.R. §§ 330.201-330.209.

Sections 330.201-330.208 require that each agency maintain a reemployment priority list ("RPL") and establish guidelines for the operation of its RPL. Under section 330.201(a), employees entered on an RPL enjoy, at a minimum, "priority consideration over certain outside job applicants." Once an employee is registered on the RPL, section 330.205(b) entitles him or her to priority placement when a vacancy in the agency arises. Section 330.205(b) requires:

---

[1] The relevant provisions of the Code of Federal Regulations have not been amended since 1997, when the events relevant to this appeal took place. Thus, all references are to the 2006 version of the Code of Federal Regulations.

When a qualified individual is available on an agency's RPL, the agency may not make a final commitment to an individual not on the RPL to fill a permanent or temporary competitive service position by:

(1) A new appointment, unless the individual appointed is a qualified 10-point preference eligible; or

(2) Transfer or reemployment, unless the individual is a preference eligible, is exercising restoration rights under part 353 of this chapter based on return from military service or recovery from a compensable injury or disability within 1 year, or is exercising other statutory or regulatory reemployment rights.

Although section 330.205(b) gives employees on the RPL significant priority over other applicants, subsection (c) allows an agency to choose certain employees over candidates on the RPL. In particular, under 5 C.F.R. § 330.205(c)(2)(i) an agency may fill a specific position with "a current, qualified employee of the agency through [d]etail or position change (promotion, demotion, reassignment)" rather than with a qualified employee from the RPL. Thus, a person registered on the RPL is not entitled to priority over internal applicants for a position.

Section 330.201(b) requires that each agency "establish and maintain a[n RPL] for each commuting area in which it separates eligible competitive service employees by RIF . . . , except as provided by paragraph (c) of this section." The section 330.201(c) exception states:

An agency need not maintain a distinct RPL for employees separated by reduction in force if the agency operates a placement program for its employees and obtains OPM concurrence that the program satisfies the basic requirements of this subpart. The intent of this provision is to allow agencies to adopt different placement strategies that are effective for their particular programs yet satisfy legal entitlements to priority consideration in reemployment.

Thus, the regulation requires that an agency maintain either an RPL or an alternate program that has obtained OPM concurrence.

Although agencies must maintain an RPL under sections 330.201(a) and (b) or an equivalent under section 330.201(c), the regulations do not mandate that employees participate in available agency reemployment programs. Section 330.202 clarifies that placement on an agency RPL is not automatic. In order to be entered on an RPL, an employee must first complete an application, within the time frame set forth in section 330.202(a)(1). Section 330.202(a)(1) provides:

> To be entered on the RPL, an eligible employee under § 330.203 must complete an application . . . . Registration may take place as soon as a specific notice of separation under part 351 of this chapter, or a Certification of Expected Separation as provided in § 351.807 of this chapter, has been issued. The employee must submit the application within 30 calendar days after the RIF separation date. An employee who fails to submit a timely application is not entitled to be placed on the RPL.

Even though an employee is not entitled to automatic entry on the RPL, he or she is entitled to receive information from the agency that may aid the employee in applying for the RPL. Pursuant to 5 C.F.R. § 330.203(b), at the time employees receive notices of separation or Certifications of Expected Separation, "the agency must give each eligible employee information about the RPL, including appeal rights."

Employee appeal rights are established by section 330.209, which provides:

> An individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.

II.

Between 1993 and 2000, Mr. Rasing was employed by the Navy's Fleet and Industrial Supply Center (the "Fuel Farm") in San Diego, California. At the time he was separated, Mr. Rasing held the position of a Wage Grade ("WG")-9 Fuel Distribution Worker at the Fuel Farm.

In 1999, Mr. Rasing took four months of medical leave. Initial Decision, slip op. at 4. Upon returning in December of 1999, he received a Letter of Unsatisfactory Performance, which was dated December 15, 1999. Id. The letter outlined Mr. Rasing's unsatisfactory performance in the critical element of "Execution of Duties" and explained that he had sixty days to demonstrate acceptable performance. The letter was not rescinded and no further action was taken on it. Id.

Mr. Rasing's return to the Fuel Farm in December of 1999 after his four months of medical leave was brief. On February 9, 2000, he met with an Equal Employment Opportunity ("EEO") Counselor. During the meeting, he stated that "[he] could not be responsible that if things got so bad and [he] lost it and [he] came in and killed everyone, the command would be liable for that." The agency perceived Mr. Rasing's statement as a threat. Consequently, on February 10, 2000, it issued a temporary order barring him from the Fuel Farm. On February 23, 2000, Mr. Rasing was permanently barred from the Fuel Farm. Thereafter, the agency proposed Mr. Raising's removal, citing his statements to the EEO counselor.

During late 1999 and early 2000, an RIF was taking shape at the Fuel Farm. In July of 2000, while the removal action against Mr. Raising was pending, Mr. Rasing was separated from federal service by the RIF.[2]

At the time of the RIF, the Department of Defense ("DOD"), of which the Navy is a part, operated both an RPL and a separate priority placement program ("PPP"). The DOD PPP has not been approved by OPM under 5 C.F.R. § 330.201(c). The record contains Mr. Rasing's Notice of Reduction-In-Force, which mentions that he "may be entitled to register in the DOD Priority Placement Program (PPP)." Mr. Rasing asked to be registered in the PPP, but was refused registration because he did not meet the eligibility requirements for it. Pursuant to the PPP Operations Manual employees are ineligible for the PPP if their performance or conduct is less than "fully satisfactory." The finding that Mr. Rasing's performance was not "fully satisfactory" was based solely on the December 15, 1999 Letter of Unsatisfactory Performance.[3] In the Notice of Reduction-In-Force Mr. Rasing received, there was no mention of the RPL.

Mr. Rasing alleges that his reemployment priority rights were violated in the RIF. He alleges that, instead of being separated, he should have been placed through the DOD PPP in a WG-6 Fuel Distribution Worker position that became vacant shortly after the RIF. Initial Decision, slip op. at 4. The position was in fact filled by Margaret

---

[2] The Board affirmed Mr. Rasing's separation via the RIF in a separate decision dated April 30, 2001. Rasing v. Dep't of the Navy, Nos. SF-0351-00-0591-I-1, SF-0351-00-0591-I-2, slip op. (M.S.P.B. Apr. 30, 2001), aff'd, 57 Fed. Appx. 872 (Fed. Cir. 2003).

[3] It appears that the Human Resources Office personnel who evaluated Mr. Rasing's request to be placed on the PPP were unaware of the statement made by Mr. Rasing to the EEO Counselor and the resulting orders barring him from the Fuel Farm. However, the AJ noted that the barring orders would also have made Mr. Rasing ineligible for PPP registration. Initial Decision, slip op. at 6.

Lovato. Prior to the RIF, Ms. Lovato was employed as a maintenance worker at the Fuel Farm. The agency checked the DOD PPP before promoting Ms. Lovato to the vacancy. Id.

### III.

Mr. Rasing filed an appeal with the Board, alleging that his reemployment priority rights had been violated. The AJ did not find any jurisdictional defect arising from the fact that Mr. Rasing attempted to register for the DOD PPP, but did not attempt to register for the DOD RPL. Initial Decision, slip op. at 3 n.2, 5. The AJ observed: "The PPP is a program established by the DoD to satisfy the requirements of 5 C.F.R. § 330.201 et seq. and to establish a[n RPL] for employees separated in a reduction-in-force." Id., slip op. at 3 n.2. The AJ assumed that the agency's PPP was required to comply with the regulations at 5 C.F.R. § 330.201-330.208, but found that the agency did not violate the regulations because the job Mr. Rasing alleged he was denied was given to Ms. Lovato, who was an internal candidate for the position. Id., slip op. at 6. Specifically, the AJ held that a violation of reemployment priority rights occurs under 5 C.F.R. § 330.205 only when an external candidate is hired over an employee seeking reemployment. Id. The AJ determined that because Mr. Rasing had not alleged that the Navy had appointed a person who could not otherwise have been appointed had Mr. Rasing been registered, the Board had no jurisdiction under 5 C.F.R. § 330.209 over his appeal. Id.

In response to Mr. Rasing's petition for review, Acting Chairman McPhie and Member Marshall agreed that the AJ correctly dismissed Mr. Rasing's claim; they differed in their reasoning, however. Chairman McPhie concluded that although Mr.

Rasing had successfully established jurisdiction, his claim failed on the merits. Final Decision, 97 M.S.P.R. at 375. In her separate opinion, Member Marshall advocated affirming the AJ's determination that the Board lacked jurisdiction to hear Mr. Rasing's appeal on two grounds. Id. at 375-77. First, Member Marshall noted that even if Mr. Rasing had registered on the RPL, which he did not, the Board would lack jurisdiction over his appeal because he had failed to make a nonfrivolous allegation that the agency had placed a person in the Fuel Distribution Worker position who could not have been appointed properly to the position if he had been on the DOD RPL. Id. at 377. Member Marshall noted that Ms. Lovato was an internal candidate for the position in question, and therefore the Navy was not required to hire an employee from the DOD RPL before promoting her. Id. Member Marshall also outlined a second independent reason why, in her view, the Board lacked jurisdiction over Mr. Rasing's appeal. Id. She noted that in order for the Board to have jurisdiction, an employee must show that he or she was registered for the RPL or an OPM-approved PPP. Id. (citing Sturdy v. Dep't of the Army, 97 M.S.P.R. 146, 154-55 (2004), vacated, No. 05-3045, 2006 WL 589391 (Fed. Cir. Mar. 13, 2006)). She stated that because Mr. Rasing did not make a nonfrivolous allegation that he was registered in a subpart B RPL or an OPM-approved PPP, he had failed to establish the Board's jurisdiction over his appeal. Id.

Mr. Rasing timely appealed the decision of the Board to this court. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

I.

We will overturn a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). We review the Board's findings regarding questions of law, including jurisdiction, without deference to the Board. Carley v. Dep't of the Army, 413 F.3d 1354, 1356 (Fed. Cir. 2005) (citing Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999)).

II.

Mr. Rasing contends that the Board had jurisdiction over his appeal under 5 C.F.R. § 330.209 because he made a non-frivolous allegation that the agency appointed a person to the Fuel Distribution Worker position who could not have been appointed properly to the position had he been registered for the DOD PPP. Mr. Rasing's argument appears to be that under the DOD PPP an internal candidate such as Ms. Lovato may not be hired before a qualified person on either the DOD PPP or the DOD RPL. Mr. Rasing disputes Member Marshall's analysis that the Board lacks jurisdiction because he was not registered for the DOD RPL. He contends that the Navy failed to inform Mr. Rasing of his rights to apply for the RPL, as required by 5 C.F.R. § 330.205(c).

On the merits, Mr. Rasing argues that his reemployment priority rights under the PPP were violated. He notes that under 5 C.F.R. § 330.203, eligibility for the RPL is determined by the "last annual performance rating of record for part 351 purposes."

Part 351 states that "[a]n employee's entitlement to additional retention service credit" in an RIF "shall be based on the employee's three most recent ratings of record . . . ." 5 C.F.R. § 351.504(b)(1). Mr. Rasing points out that his Notice of Reduction-In-Force stated that his last three "ratings of record" listed him as being either "Exceeds Fully Successful" or "Outstanding." Thus, Mr. Rasing alleges that the agency violated his rights under sections 330.201-330.208 by finding him disqualified for the PPP based on performance reviews that were not "ratings of record."

The government counters that the Board lacked jurisdiction over Mr. Rasing's appeal. The government argues that the AJ erred in concluding that the DOD PPP was operated in lieu of an RPL pursuant to 5 C.F.R. § 330.201(c). The government urges that because the DOD PPP has not been approved by OPM and because Mr. Rasing did not allege that he registered for the DOD RPL, the Board lacked jurisdiction to hear his appeal. In the alternative, the government notes that even if one assumes that Mr. Rasing registered on the RPL, Mr. Rasing has not alleged a violation of his reemployment priority rights under sections 330.201-330.208. Specifically, the government argues that the agency was entitled to promote an internal candidate such as Ms. Lovato to a position before a person registered under the RPL pursuant to section 330.205(c). In other words, because Ms. Lovato was someone who could have been appointed to the Fuel Distribution Worker position, Board jurisdiction under 5 C.F.R. § 330.209 did not lie. The government thus asks us to affirm the Board's decision dismissing for lack of jurisdiction.

III.

The Board's jurisdiction is limited to "any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701 (2000); Cowan v. United States, 710 F.2d 803, 805 (Fed. Cir. 1983) ("The board has no plenary jurisdiction; rather, its jurisdiction is limited to those areas specifically granted by statute or regulation."). Mr. Rasing had the burden of demonstrating the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56.

Two recent decisions of this court speak to the jurisdictional issues that this appeal presents. In Roberto v. Department of the Navy, No. 05-3043, 2006 WL 590361 (Fed. Cir. Mar. 13, 2006), we held that the Board only has jurisdiction over appeals brought by an individual who is registered for either an RPL or an OPM-approved PPP. Id. at *7. We also held, however, that even when an individual fails to register for an RPL or an OPM-approved PPP, the Board has jurisdiction if an agency fails to inform the individual of his or her RPL rights as required by 5 C.F.R. § 330.203(b). Id. at *10. Roberto involved the same DOD PPP and DOD RPL that are at issue in Mr. Rasing's case. We determined that the Board lacked jurisdiction in Roberto because Mr. Roberto had failed to register for the DOD RPL and because the DOD PPP, for which Mr. Roberto did register, was not an OPM-approved PPP. Id. at *11. We further determined that Mr. Roberto could not rely on section 330.203(b) for jurisdiction because the agency had provided him with adequate information about the RPL. Id. The same day that Roberto was decided, we issued our decision in Sturdy v. Department of the Army, 2006 WL 589391. In Sturdy, we were presented again with an employee who had failed to register for an RPL or an OPM-approved PPP. Id. at *6.

Like Roberto, Sturdy also involved the same DOD RPL and DOD PPP that are at issue in Mr. Rasing's appeal. Despite Mr. Sturdy's failure to register for the RPL, we determined that the Board had jurisdiction over his appeal because the agency had misinformed him about the RPL. Id.

Roberto disposes of Mr. Rasing's claim that the Navy violated his reemployment priority rights under the DOD PPP. Because the DOD PPP was not OPM-approved, the Board lacked jurisdiction over Mr. Rasing's claim arising under the PPP.

Roberto and Sturdy, however, both teach that Board jurisdiction lies over an appeal by an individual who did not register for an RPL if the individual's failure to register for the RPL resulted from the employing agency's failure to inform the individual of his or her RPL rights or if the employing agency misinformed the individual about his or her RPL rights. Mr. Rasing argues that the Board had jurisdiction over his appeal because the Navy failed to inform him of his RPL rights. He urges us to remand the case to the Board so that the facts on this issue may be more fully developed. We agree with Mr. Rasing that, on the record before us, it is not possible to determine whether or not he was provided adequate information concerning the DOD RPL when he was notified of the RIF.[4] See Roberto, 2006 WL 590361, at *10. We need not remand the case for further findings on this issue, however, because, even assuming that Mr. Rasing was not provided adequate information about the DOD RPL, the Board still lacked jurisdiction over Mr. Rasing's appeal.

---

[4] The government acknowledged at oral argument that it is unclear as to whether the record includes all the documentation about the RPL provided to Mr. Rasing.

As seen above, 5 C.F.R. § 330.209 provides that

> [a]n individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.

The Board lacked jurisdiction over any RPL claim by Mr. Rasing because Mr. Rasing failed to demonstrate the second jurisdictional requirement of section 330.209—that any alleged violation of the regulations governing RPLs resulted in the appointment of a person "who otherwise could not have been appointed properly." Assuming for the sake of argument that Mr. Rasing was eligible for the DOD RPL, the relevant regulations expressly allowed the agency to promote internal candidates before hiring off an RPL. See 5 C.F.R. § 330.205(c)(2)(i). Therefore, Ms. Lovato could have properly been appointed to the Fuel Distribution Worker position regardless of whether or not Mr. Rasing was registered on the RPL. Thus, even assuming the Navy failed to inform Mr. Rasing of his RPL rights, the Board lacked jurisdiction under 5 C.F.R. § 330.209 because Mr. Rasing was not claiming that his reemployment priority rights were violated because of the employment of a person "who otherwise could not have been appointed properly" to the WG-6 position. Thus, although the AJ incorrectly concluded that the Board had jurisdiction to consider a claim, such as Mr. Rasing's, based upon the DOD PPP, her ultimate decision dismissing the appeal for lack of jurisdiction was correct.

## CONCLUSION

For the foregoing reasons, the final decision of the Board dismissing Mr. Rasing's appeal for lack of jurisdiction is affirmed.

## COSTS

Each party shall bear its own costs.

## <u>AFFIRMED</u>