NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3198

SALVATORE C. MARASSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Salvatore C. Marassa, of Oaklawn, Illinois, pro se.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director and Todd M. Hughes, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3198

SALVATORE C. MARASSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: August 17, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Salvatore C. Marassa (Marassa) appeals the decision of the Merit Systems Protection Board (Board), <u>Marassa v. United States Postal Service</u>, CH0353060725-I-1 (Dec. 12, 2006), concluding that it does not have jurisdiction over Marassa's appeal. We <u>affirm</u>.

## BACKGROUND

Marassa began work as a Part-time Flexible Mail Handler for the United States Postal Service (Postal Service) on August 17, 1987. On October 9, 1987, the Postal Service removed him because he was unable to continue performing his duties due to carpal tunnel compression in his left arm.

Marassa filed a claim for benefits with the Department of Labor's Office of Workers Compensation Program (OWCP). On May 13, 1988, OWCP decided that he had suffered a work-related injury to his left hand while on the job and awarded benefits retroactive to October 10, 1987—the day after his removal by the Postal Service. Marassa continued to receive benefits from OWCP as a temporarily disabled worker until he returned to work at the Postal Service on November 5, 1988 as a Modified Custodial Laborer, a limited-duty position that accommodated Marassa's medical restrictions.[1] Marassa, CH0353060725-I-1 at 2.

Marassa received other benefits from OWCP, too. Although he had surgery to release the pressure in his left arm, Marassa did not regain full use of that arm. Marassa sought benefits for the permanent loss of strength in his left arm. In support of Marassa's claim for benefits for the partial loss of arm function, Dr. Schlenker submitted a letter on Marassa's behalf detailing an examination conducted on February 23, 1989. That letter, dated February 24, 1989, concludes that "some degree of loss of strength in his left hand will be permanent" and also states that Marassa "has recovered completely from his carpal tunnel syndrome on the left side." OWCP concluded that Marassa had permanently lost 7% of the function of his left arm and awarded benefits under 5 U.S.C. § 8107.

On December 26, 2005, Marassa filed a claim to be restored to his position as a mail handler with the Postal Service on the basis that the Postal Service improperly denied him immediate and unconditional restoration to that position when he was fully

---

[1] Although not relevant to our decision, Marassa was removed from this position for being absent without official leave (AWOL) from March 18, 1989 until the end of his employment with the Postal Service. His removal was effective June 13, 1989.

recovered within the statutory one-year period. See 5 U.S.C. § 8151(b)(1). Marassa contended that the one-year period began the day that OWCP decided his claim for compensation (May 13, 1988) and ended on the day Dr. Schlenker's letter was sent to OWCP (February 24, 1989). On May 21, 2006, the Postal Service denied Marassa's claim. Marassa appealed the Postal Service's denial to the Board and the Board dismissed it for lack of jurisdiction. See Marassa, CH-0353060725-I-1.

Marassa has limited his petition for review to this court to whether the Board had jurisdiction over his claims for restoration as an employee recovered from a compensable injury within one year under 5 U.S.C. § 8151(b)(1). We have jurisdiction to review the Board's decision under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703.[2]

## DISCUSSION

The Board's jurisdiction is limited to those areas specifically provided for by statute, rule or regulation. Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). An appellant bears the burden of establishing Board jurisdiction by a preponderance of the evidence and must make nonfrivolous allegations to establish that jurisdiction is proper. See 5 C.F.R. 1201.56(a)(2)(i); Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006). We review the Board's jurisdictional conclusions de novo. Harding v. Dep't of Veterans Affairs, 448 F.3d 1373, 1375 (Fed. Cir. 2006).

To establish Board jurisdiction over Marassa's claim that he was entitled to "immediate and unconditional" reemployment, 5 U.S.C. § 8151(b)(1), Marassa must

---

[2]     Marassa has filed an "informal memorandum" contending that we do not have jurisdiction "to hear Respondent's Informal Brief in" this case. We treat this as a motion to strike the Respondent's brief, which we deny.

make a nonfrivolous allegation that he recovered within one year from the date he was eligible for compensation.[3] Marassa was awarded benefits by OWCP in May 1988, and those benefits were awarded retroactively to October 10, 1987. Thus, Marassa was eligible to receive benefits on October 10, 1987. Therefore, in order to establish jurisdiction over his claim for "immediate and unconditional" restoration to his previous position or an equivalent under 5 U.S.C. § 8151(b)(1) and 5 C.F.R. § 353.301 (1989), Marassa must allege that he was fully recovered on or before October 10, 1988. Marassa only alleges that he was fully recovered on February 24, 1989, more than one year after he was eligible for compensation.

## CONCLUSION

Marassa has not made a nonfrivolous allegation that he was fully recovered by October 10, 1988—one year after he was eligible for compensation. Therefore, we affirm the Board's dismissal of Marassa's claim for "immediate and unconditional" restoration under 5 U.S.C. § 8151(b)(1).

## COSTS

Each party shall bear its own costs.

---

[3] We note that the administrative judge (AJ) applied the 2006 version of the applicable regulations to Marassa's claim. The 2006 version of the applicable regulations calculates the one-year period "from the date eligibility for compensation began." See 5 C.F.R. § 353.301(a), (b) (2006). The 1989 version of the applicable regulation calculates that period from the "date compensation began." See 5 C.F.R. §§ 353.301, 303 (1989). The Board has interpreted the language in the 1989 regulations to require calculation "from the date eligibility for compensation began." See Gavette v. Dep't of the Treasury, 44 M.S.P.R. 166, 170, 177 (1990) (calculating one-year period from January 25, 1985 until January 8, 1986 even though appellant did not seek OWCP benefits until December 23, 1985). Therefore, the AJ's error in applying the wrong version of the regulation was harmless.