**Jack KLIGMAN, Appellant**

v.

**INTERNAL REVENUE SERVICE, (Human Resources).**

No. 07–4042.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 8, 2008.

Filed: April 9, 2008.

---

Jack Kligman, Philadelphia, PA, pro se.

Richard Mentzinger, Jr., Office of United States Attorney, Philadelphia, PA, for Internal Revenue Service.

Before: AMBRO, FUENTES and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Jack Kligman appeals, pro se, from an order of the district court dismissing his appeal for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

## I.

The parties' familiarity with the facts and procedural history is assumed. To summarize, in 1999 Kligman applied for a position as a seasonal tax examiner with the Internal Revenue Service ("IRS") for the 1999–2000 tax season, but was not ultimately selected for appointment. In 2001, having not heard from the IRS, Kligman inquired about his apparently not being selected for the position. Kligman was advised that he had been removed from consideration pursuant to the Office of Personnel Management's ("OPM's") "rule of three." *See* 5 C.F.R. §§ 332.404, 332.405.[1] Kligman argued, however, that instead of being the subject of a determination under the "rule of three" he was, in fact, found unsuitable for the position by the IRS because of a previous felony conviction for conspiracy and mail fraud in 1985.[2]

In 2005, Kligman filed an action in the district court alleging that the IRS had improperly conducted a suitability determination in his case without following the required procedures for making such a determination. The district court rejected his complaint, without prejudice, after determining that Kligman had failed to exhaust his administrative remedies. Kligman then appealed the IRS's decision to the Merit Systems Protection Board ("MSPB")[3] challenging the OPM's imple-

---

1. Under 5 C.F.R. § 332.405 "[a]n appointing officer is not required to consider an eligible [applicant] who has been considered by him for three separate appointments from the same or different certificates for the same position."

2. The record indicates that this conviction was the subject of an Executive Grant of Clemency in the form of a "Full and Unconditional Pardon" in December 2000.

3. The MSPB is an administrative body created by the Civil Service Reform Act of 1978, 5

mentation of the "rule of three" in his case and its impact on his alleged fraudulent nonselection. In November 2005, an Administrative Judge issued a decision in which he found that the MSPB did not have jurisdiction to review Kligman's suitability claim and that only the full board of the MSPB had authority to review the application of OPM's rules and regulations. Kligman filed a petition for review with the full board of the MSPB, which issued a decision in October 2006 holding that he had failed to show that any OPM regulation on its face or as implemented by the IRS required the commission of a prohibited personnel practice.[4] *See Kligman v. Office of Pers. Mgmt.*, 103 M.S.P.R. 614, 620–621 (2006). In December 2006, Kligman re-filed his complaint against the IRS in the district court. In March 2007, the IRS filed a motion to dismiss the complaint for lack of subject matter jurisdiction. On August 20, 2007, the district court granted that motion. Kligman filed a timely notice of appeal.

## II.

Our review of the district court's order is plenary. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000) (citation omitted). A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or a factual attack on the court's subject matter jurisdiction. *See Gould Elecs. Inc.*, 220 F.3d at 176. The

district court properly treated the motion here as a factual attack. As such, the court was permitted to consider evidence outside the pleadings. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

## III.

The district court correctly concluded that it lacked subject matter jurisdiction to entertain Kligman's complaint and that his appeal should have been made to the United States Court of Appeals for the Federal Circuit.[5] Decisions of the MSPB are generally subject to review only by the Court of Appeals for the Federal Circuit, not by the district courts. *See* 5 U.S.C. § 7703(b)(1);[6] *see also Kean v. Stone*, 926 F.2d 276, 281 (3d Cir.1991); *Carroll v. Dep't of Health & Human Servs.*, 703 F.2d 1388, 1390 (Fed.Cir.1983). District courts, however, do have jurisdiction over "mixed" cases decided by the MSPB. *See* 5 U.S.C. §§ 7702(a)(1), 7703(b)(2). A mixed case is one in which an employee alleges that an employment action of an agency adversely affected him and is appealable to the

U.S.C. § 1201 et seq., to adjudicate appeals by federal employees.

4. In the body of its opinion, the MSPB included a "NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHT" specifically informing Kligman that he had the right to request the United States Court of Appeals for the Federal Circuit to review the final decision. The MSPB also made Kligman aware that he was to file such a petition no later than 60 calendar days after his receipt of the order.

5. The IRS, in fact, informs us that Kligman filed an appeal of the MSPB's decision with the Federal Circuit, but that the appeal was voluntarily dismissed per Kligman's request in December 2007.

6. Section 7703(b)(1) states that "[e]xcept as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."

MSPB, and that a basis for the adverse action was unlawful discrimination.[7] *See* 5 U.S.C. § 7702(a)(1)(A, B). Kligman's claims are in no way discrimination claims; thus his case is not a "mixed" one.

Kligman's attempts to somehow circumvent the structure of federal personnel adjudication—and essentially forum shop—are ill-founded. First, as the district court held, to the extent that Kligman's present appeal is a direct challenge to the MSPB's decision, the district court plainly lacked subject matter jurisdiction over it because the MSPB has original jurisdiction over challenges to OPM rules and regulations and appeals of those decisions are properly made to the Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1). Second, to the extent that Kligman challenges an alleged surreptitious suitability determination made by the IRS in his case, given his suspicion regarding the role his previous conviction played in his nonselection, this claim is not properly a subject of review in this court.[8] Kligman argues that not only was there no jurisdiction over his claim at the MSPB level, but that there was no jurisdiction over the MSPB's determination before the Court of Appeals for the Federal Circuit because no explicit negative suitability determination was ever made in his case. Following his logic, the district court is the only forum whereby he may seek redress. *See* 28 U.S.C. § 1331.

Kligman's argument, however, is belied by not only the clear statutory language we have already set forth, but by numerous cases indicating that the types of questions Kligman raises are, in fact, routinely addressed by both the MSPB and the Court of Appeals for the Federal Circuit. Far from being novel, his contention concerning an implied negative suitability determination is the type of argument with which MSPB is intimately familiar. *See e.g., Edwards v. Dep't of Justice,* 87 M.S.P.R. 518, 523 (2001) ("Under *Edwards* [*v. Dep't of Justice,* 86 M.S.P.R. 365 (2000)], *Botello* [*v. Dep't of Justice,* 76 M.S.P.R. 117 (1997)], and *Dillingham* [*v. Dep't of Justice,* 73 M.S.P.R. 538 (1997)], the appellant can establish jurisdiction by showing that the agency had delegated authority from OPM to make suitability determinations, and that its decision not to select him, although purportedly based on his 'qualifications' for the Correctional Officer position, was in actuality a finding that he was unsuitable for employment in that position within the meaning of 5 C.F.R. Part 731"). Further, where the MSPB has declined to exercise its jurisdiction, the Court of Appeals for the Federal Circuit has provided the proper forum for redress.[9] *See Lackhouse v. Merit Sys. Prot. Bd.,* 773 F.2d 313, 317 (Fed.Cir.1985) ("The end-result is that we reverse the Board's holding that it lacked jurisdiction over Lackhouse's appeal"). The argu-

---

**7.** Discrimination cases subject to the provision of § 7702 include cases where an employee (1) has been affected by an action which the employee may appeal to the MSPB, and (2) alleges that a basis for the action was discrimination prohibited by, inter alia, section 717 of the Civil Rights Act of 1964. *See* 5 U.S.C. § 7702(a)(1)(A, B).

**8.** Under 5 C.F.R. § 731.202, when making an unsuitability determination, OPM may by regulation consider only enumerated factors, including misconduct or negligence in employ-

ment, criminal conduct, deception, alcohol and drug abuse, violent anti-government activities, and regulatory or statutory bars to employment. The IRS has steadfastly denied that such a determination was made in this case.

**9.** In fact, findings of the MSPB regarding questions of law, including jurisdiction, are reviewed without deference to the Board. *See Rasing v. Dep't of Navy,* 444 F.3d 1349, 1353 (Fed.Cir.2006).

ments Kligman now puts forth concerning the alleged pretense of the IRS's decision not to select him are to be addressed in these forums and these forums alone.

For the foregoing reasons, we will affirm the district court's decision.