NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3203

SALVATORE C. MARASSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Salvatore C. Marassa, of Oaklawn, Illinois, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3203

SALVATORE C. MARASSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for Review of the Merit Systems Protection Board in CH0752070639-I-1.

_____

DECIDED: July 14, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Salvatore C. Marassa appeals from a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction and under the doctrine of collateral estoppel. <u>Marassa v. United States Postal Service</u>, No. CH0752070639-I-1. Although we hold that the Board erred in invoking collateral estoppel, we <u>affirm</u> on the alternative ground that Mr. Marassa did not make the nonfrivolous allegations necessary to establish the Board's jurisdiction over his appeal.

BACKGROUND

*A.    Mr. Marassa's Employment with the Postal Service*

Mr. Marassa worked for Respondent the United States Postal Service ("Postal Service"). On August 17, 1987, Mr. Marassa started work as a Part-Time Flexible Mail Handler. On October 9, 1987, the Postal Service removed Mr. Marassa because his carpal tunnel syndrome rendered him unable to perform the physical requirements of the mail-handling position. On May 13, 1988, Mr. Marassa applied for disability benefits from the Department of Labor's Office of Workers Compensation Program ("OWCP"), and he thereafter received benefits retroactive to October 10, 1987 (the day after his removal).

Mr. Marassa partially recovered the next year, and on November 5, 1988, his OWCP disability benefits ceased and he accepted a position with the Postal Service as a Modified Custodial Laborer on the night shift. But Mr. Marassa was apparently not satisfied with his new position, and requested reassignment to another position. On February 24, 1989, Mr. Marassa's doctor wrote to the Postal Service that Marassa had "recovered completely from his carpal tunnel syndrome on the left side" but had permanently lost strength in his left hand. On March 9, 1989, Mr. Marassa filed a grievance against the Postal Service, seeking reassignment. He also wrote to the Postal Service on March 16, 1989 that he would "refuse the reemployment I accepted" in November of 1988 "until I'm put back on my original and rightful" assignment, but that he was "not resigning."

Starting the next day, March 17, 1989, Mr. Marassa did not return to work. On May 9, 1989, the Postal Service told Mr. Marassa that he could be removed for being

absent from work without permission, and on June 13, 1989, the Postal Service removed him for unauthorized absence.

From February 23, 1989 until July 25, 1989, Mr. Marassa received benefits from OWCP for a seven-percent partial loss of the use of his left arm. Mr. Marassa's grievance against the Postal Service proceeded to arbitration and was denied on July 26, 1991.

B.    *Mr. Marassa's First Appeal to the Board*

More than fourteen years later, on December 26, 2005, Mr. Marassa wrote to the Postal Service, stating that he had just learned of 5 U.S.C. § 8151, and requesting that he be restored to his original mail-handling position pursuant to § 8151(b)(1) because he recovered from his carpal tunnel syndrome within one year of his  worker's compensation claim. After further correspondence from Mr. Marassa, the Postal Service responded on May 31, 2006, denying the request for restoration. The Postal Service explained that it had made "all efforts" in 1988 to reemploy Marassa in his former position, but that mail-handling work assignments were "not conducive to [his] physical limitations." Therefore, the Postal Service stated, § 8151 was satisfied by Mr. Marassa's reemployment as a Modified Custodial Laborer, after which he refused to appear for work and was removed for being absent without leave ("AWOL"). On August 4, 2006, Mr. Marassa replied to the Postal Service, requesting that he be apprised of his appeal rights.

On August 14, 2006, Mr. Marassa appealed to the Board, arguing that he was fully recovered from carpal tunnel syndrome within a year of his May 13, 1988 claim for disability benefits—as evidenced by his doctor's letter on February 24, 1989—and

therefore he was entitled to be restored to his original mail-handling position under § 8151(b)(1). Administrative Judge Puglia ("AJ Puglia"), in an Initial Decision, dismissed Mr. Marassa's appeal for lack of jurisdiction. Marassa v. United States Postal Serv., No. CH-0353-06-0725-I-1 (M.S.P.B. Dec. 12, 2006). Regarding Mr. Marassa's claim that the Postal Service should have restored him in 1989 because he was by then fully recovered, AJ Puglia wrote, "I find that [Mr. Marassa] is not a fully-recovered employee" because under 5 C.F.R. § 353.102 "[a] 'fully-recovered' employee is one whose compensation payments have terminated," while Mr. Marassa "received OWCP benefits from February 23 through July 25, 1989, including February 24, 1989, the date he claims he sought restoration as fully recovered." Regarding Mr. Marassa's claim that the Postal Service should have restored him in 2006, AJ Puglia wrote that Mr. Marassa "was removed, effective June 13, 1989, for unauthorized absence," and under 5. C.F.R. § 353.302, "[a]n employee who has been removed for cause rather than a compensable injury is not entitled to restoration." Finally, AJ Puglia noted that the Postal Service sought to dismiss Mr. Marassa's appeal "as untimely by seventeen years," but, given the Board's lack of jurisdiction over the appeal, AJ Puglia expressly declined to decide whether the appeal was timely.

On December 26, 2006, Mr. Marassa petitioned for review of AJ Puglia's decision by the full Board. The petition for review was denied on April 4, 2007, and Mr. Marassa appealed to the Federal Circuit. In a non-precedential opinion issued August 17, 2007, we affirmed on an alternative ground. Marassa v. United States Postal Serv., 249 Fed. Appx. 177 (Fed. Cir. 2007) ("Marassa I"). We explained that the regulations in effect in 1989 provided for restoration under 5 U.S.C. § 8151(b)(1) if an employee fully

recovered within one year of the date the employee was <u>first eligible</u> for compensation. <u>See</u> 5 U.S.C. § 8151(b)(1); <u>Marassa I</u>, 249 Fed. Appx. at 180 n.3 (citing 5 C.F.R. §§ 353.301, 303 (1989) as interpreted by <u>Gavette v. Department of the Treasury</u>, 44 M.S.P.R. 166, 170, 177 (1990)). In Mr. Marassa's first appeal, he alleged that he was fully recovered on February 24, 1989—more than one year after he was first eligible for compensation on October 10, 1987 (the date to which his disability benefits were retroactively awarded)—and thus the Board did not have jurisdiction over his claim. <u>Marassa I</u>, 249 Fed. Appx. at 180.

*C.     Mr. Marassa's Second Appeal to the Board*

On August 24, 2007, Mr. Marassa filed a second appeal to the Board. He again challenged the Postal Service's refusal to restore him, and also challenged his removal from the Modified Custodial Laborer position in 1989. This time Mr. Marassa cited 5 U.S.C. § 8151(b)(2), and requested the "restoration of [his] employment in the USPS [w]ith the proper reinstatement in [his] former craft and or equivalent position as determined by 5 USC 8151(b)(2) (1989)." He also contended that the Postal Service could not legally have removed him on June 13, 1989, because he was receiving compensation payments at that time and thus was not AWOL. Mr. Marassa's second appeal was assigned to Administrative Judge Chase ("AJ Chase"), who on September 20, 2007, issued an order to show cause why the doctrine of collateral estoppel would not apply to bar the appeal. Mr. Marassa responded that the doctrine did not apply because the first appeal concerned § 8151(b)(1) while the second appeal concerned § 8151(b)(2).

In an Initial Decision dated November 14, 2007, AJ Chase dismissed Mr. Marassa's second appeal. Marassa v. United States Postal Serv., No. CH-0752-07-0639-I-1 (M.S.P.B. Nov. 14, 2007). AJ Chase concluded (1) that Mr. Marassa does not have standing to challenge his 1989 removal because he is not an employee and lacks veterans preference eligibility under 5 U.S.C. § 7511(a)(1)(B), and (2) that collateral estoppel bars Mr. Marassa from establishing the Board's jurisdiction over his second appeal from the Postal Service's refusal to restore him. Regarding collateral estoppel, AJ Chase noted that "[AJ] Puglia found that [Mr. Marassa] was not a fully-recovered employee . . . [and] was removed, effective June 13, 1989, for unauthorized absence," and both findings established that Mr. Marassa is not entitled to restoration under § 8151.

Mr. Marassa filed a petition for review of AJ Chase's Initial Decision by the full Board. The petition for review was denied on March 6, 2008, and Mr. Marassa appealed to the Federal Circuit. We have jurisdiction over the Board's decision under 28 U.S.C. § 1295(a)(9).

DISCUSSION

*A.   Applicable Legal Standards*

Our authority is limited by statute. "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). The Board may apply collateral estoppel to dismiss an appeal where: "(i) the issue previously

adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Morgan v. Dep't of Energy, 424 F.3d 1271, 1274-1275 (Fed. Cir. 2005).

As we explained in Marassa I, the Board's jurisdiction is limited to those areas specifically provided for by statute, rule or regulation. See Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence, and must make nonfrivolous allegations to establish that jurisdiction is proper. See 5 C.F.R. § 1201.56(a)(2)(i); Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

An employee who recovers from injury or disability within one year is entitled under 5 U.S.C. § 8151(b)(1) to resume his former position or an equivalent position. See 5 U.S.C. § 8151(b)(1). An employee who recovers after more than one year is not similarly entitled to full restoration, but under Section 8151(b)(2) is only "guarantee[d] priority consideration in reemployment." Gallo v. United States, 2008 U.S. App. LEXIS 12259, *4 (Fed. Cir. June 9, 2008) (emphasis added). See also Kachanis v. Dep't of the Treasury, 212 F.3d 1289, 1295 (Fed. Cir. 2000) (recognizing that § 8151(b)(1) affords workers injured for less than one year absolute priority in hiring and "[i]f Congress had intended similar priority for workers injured more than one year, it would have done the same under section 8151(b)(2)[,] [b]ut it did not"). We have noted "the absence in section 8151(b)(2) of any details on the extent to which agencies are required to grant priority under that section, or on how agencies are to afford such priority," and have

concluded that the statute grants "the Office of Personnel Management and the agencies discretion in such matters." Kachanis, 212 F.3d at 1295.

*B.    The Parties' Contentions on Appeal*

Here, Mr. Marassa contends that AJ Chase erred (1) by concluding that AJ Puglia had found Mr. Marassa to be not fully recovered from carpal tunnel syndrome—according to Mr. Marassa, AJ Puglia at least made inconsistent findings on this point and at most implied that he was fully recovered in July of 1989—and (2) by applying the doctrine of collateral estoppel to his § 8151(b)(2) claim. He also argues (3) that he could not have been AWOL at the time of his removal in June of 1989 because he was receiving disability payments from OWCP at that time, and (4) that the Postal Service's failure to give him notice of his appeal rights constituted good cause for his late filing with the Board.[1]

The Postal Service agrees that AJ Chase misstated AJ Puglia's earlier finding regarding Mr. Marassa's recovery—although according to the Postal Service, AJ Puglia did indeed find that Mr. Marassa was not fully recovered <u>as of February 24, 1989</u>—and offers that Mr. Marassa should not be barred by collateral estoppel from alleging that he <u>later</u> became a fully recovered employee. However, the Postal Service argues that we may affirm on the alternative grounds that Mr. Marassa (1) is not in-fact fully recovered and (2) has not formally requested placement on the Postal Service's reappointment list as required by regulations pertaining to § 8151(b)(2). <u>See</u> 5 C.F.R. § 353.301(b).

---

[1]    We note, however, that neither Mr. Marassa's § 8151(b)(1) claim in the first appeal, nor his § 8151(b)(2) claim in the second appeal, were dismissed for untimely filing. To the extent that Mr. Marassa raises timeliness as part of a challenge to the Board's dismissal of his appeal of the Postal Service's 1989 removal decision, we affirm that the Board did not have jurisdiction over that removal decision.

*C.      Disposition*

We hold that the Board erred in applying the doctrine of collateral estoppel to dismiss Mr. Marassa's second appeal. Although in the first appeal AJ Puglia did indeed make findings regarding Mr. Marassa's lack of full recovery and removal for cause in June of 1989, and did indeed conclude from these findings that the Board lacked jurisdiction, we did not rely on these findings in <u>Marassa I</u> and instead affirmed the Board's decision on an alternative ground. See <u>Marassa I</u>, 249 Fed. Appx. at 178 n.1 ("[a]lthough <u>not relevant to our decision</u>, Marassa was removed from this position for being absent without official leave") (emphasis added); <u>Id.</u> at 180 (affirming because "Marassa has not made a nonfrivolous allegation that he was fully recovered by October 10, 1988—one year after he was eligible for compensation"). Thus, though the issues of Mr. Marassa's full recovery and removal were actually litigated in the first appeal, they were not essential to the judgment and cannot serve to collaterally estop Mr. Marassa from contesting jurisdiction in the second appeal. See <u>Morgan</u>, 424 F.3d at 1274-1275; <u>cf.</u> <u>Mandich v. Watters</u>, 970 F.2d 462, 465 (8th Cir. 1992) ("The general rule is that, if a judgment is appealed, collateral estoppel only works as to those issues specifically passed upon by the appellate court.") (internal citation omitted).

However, we affirm the Board's decision on an alternative ground. Mr. Marassa's second appeal requests the "restoration of [his] employment in the USPS [w]ith the proper reinstatement in [his] former craft and or equivalent position as determined by 5 USC 8151(b)(2) (1989)." As noted above, § 8151(b)(2) does not give an employee the right to restoration, only to priority consideration for reemployment within the framework established by Office of Personnel Management and agency

regulations. Under this framework, in order to appeal a violation of § 8151(b)(2) an employee must present factual information that he was denied restoration because of the employment of another person. See 5 C.F.R § 353.401(b) (1989) (later redesignated § 353.304(b), see 60 F.R. 45,650, 45,657 (Sept. 1, 1995)) ("An individual who fully recovers from a compensable injury more than 1 year after compensation begins may appeal to MSPB as provided for in parts 302 and 330 of this chapter for excepted and competitive service employees, respectively."); 5 C.F.R. § 330.209 (competitive service employees) ("An individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.") (emphasis added) (regulation effective in 1989, see 53 F.R. 45,065 (Nov. 8, 1988)).

Mr. Marassa alleges that he was fully recovered from his injury on July 25, 1989, and that thereafter the Postal Service did not rehire him, but he does not allege that the Postal Service denied him priority over another person who could not otherwise have been properly appointed. We have explained that a petitioner must make a nonfrivolous allegation of this nature to establish the Board's jurisdiction. See, e.g., Rasing v. Dep't of the Navy, 444 F.3d 1349, 1355 (Fed. Cir. 2006) ("The Board lacked jurisdiction over any [reinstatement priority] claim by Mr. Rasing because Mr. Rasing failed to demonstrate the second jurisdictional requirement of section 330.209—that any alleged violation of the [governing regulations] resulted in the appointment of a person 'who otherwise could not have been appointed properly.'"). Because Mr. Marassa failed to

make such an allegation here, he failed to establish the Board's jurisdiction over his § 8151(b)(2) claim, and the Board's dismissal for lack of jurisdiction was proper.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

## COSTS

Each party shall bear its own costs.