NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3187

JACK KLIGMAN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Jack Kligman, of Philadelphia, Pennsylvania, pro se.

Joan Stentiford-Swyers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director.  Of counsel on the brief was Robert J. Steeves, Jr., Associate Chief Counsel, Office of the Chief Counsel, United States Department of the Treasury, of New York, New York.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3187

JACK KLIGMAN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED: October 9, 2009

———————————————

Petition for review of the Merit Systems Protection Board in PH0752090251-I-1.

Before MICHEL, Chief Judge, FRIEDMAN, and GAJARSA, Circuit Judges.

PER CURIAM.

This is another, and hopefully the last, chapter in the continuing attempt by the petitioner Jack Kligman, acting pro se, to overturn the refusal of the Internal Revenue Service ("IRS") to hire him for the temporary position of seasonal tax examiner in 1999. In the present case, the Merit Systems Protection Board ("Board") dismissed his latest challenge to the IRS' action for lack of jurisdiction because, applying collateral estoppel, it held that in its prior proceedings the Board had determined all the issues he now raises. We affirm.

I

The facts are somewhat complex, but largely undisputed.

A. In 1985, Kligman was convicted on his guilty plea of the federal felonies of conspiracy and mail fraud. He was presidentially pardoned for those offenses in 2000. In 1999, before the pardon, Kligman applied for a temporary position as a seasonal tax examiner with the IRS for the 1999–2000 tax season. His application disclosed his felony conviction. He was not selected for the position.

In 2001, Kligman asked IRS about his application. He was told that he had not been selected because of the so-called "rule of three," an Office of Personnel Management ("OPM") regulation providing that an applicant who has been rejected three times for the same position need not again be considered for it. 5 C.F.R. § 332.405. This regulation covers IRS seasonal tax examiner appointments. See 5 U.S.C. §§ 1103–04; 1301–02.

Kligman contends that the IRS' "rule of three" explanation for rejecting him was a pretext, and that the agency's real reason was because he had been a convicted felon when he applied for the position. Kligman asserts that the IRS followed that course because, had it stated the real reason for its action, it would have had to conduct an internal procedure known as a "suitability analysis" which, among other things, requires that the applicant be given notice of the proposed action, the right to representation, and the opportunity to challenge any adverse finding. 5 C.F.R. § 731.402–.404. Kligman provides no facts, however, that support his contention.

Kligman further contends that the "rule of three" is facially invalid as a "prohibited personnel practice" because it permits the agency to "deceive or willfully obstruct" him in

his "right to compete for employment," in violation of law. 5 U.S.C. § 2302(b)(4). He does not deny that he had thrice applied and been rejected for the position.

B. Kligman's first foray into Board proceedings occurred in 2005, when he challenged before that entity IRS' 1999 action. He took that step after the United States District Court for the Eastern District of Pennsylvania had dismissed without prejudice his lawsuit making the same contentions, because he had not exhausted his administrative remedies.

In his initial decision, the Board's administrative judge dismissed Kligman's complaint for lack of jurisdiction. The administrative judge stated that "an agency's failure to hire an applicant, promote an individual, or otherwise select a person for [a] position are ordinarily not matters within the jurisdiction of the Board," and that "the Board generally has no authority to review the procedures, including the evaluation of qualifications, by which an agency determines whether to hire, promote, or select a person for a position." He concluded that the only possible basis for Board jurisdiction must be the Board's authority to review OPM regulations, 5 U.S.C. § 1204(f)(1)–(2), but that only the Board itself—not an administrative judge in a regional office—may review those regulations.

Kligman then requested that the full Board review the OPM regulation. The Board rejected Kligman's arguments. See Kligman v. Office of Personnel Management, 103 M.S.P.R. 614, 618–620 (2006). The Board ruled that IRS' "implementation" of the rule of three regulation "does not obstruct all individuals' right to compete for employment" but "only administers how the competition for employment will take place, it does not obstruct the right to compete." An individual who is not selected under the

"rule of three" "has competed, albeit unsuccessfully, for the position." Id. at 618. Because Kligman "has not shown that an OPM regulation on its face or as implemented by the IRS requires the commission of a prohibited personnel practice[,]" Kligman's "regulation review is denied." Id. at 620.

More than a year later, Kligman filed in this court a petition to review the Board's decision, which was far beyond the 60-day time limit for such appeals under 5 U.S.C. § 7703(b)(1). He dismissed that appeal in December 2007. He then apparently reinstated his district court suit in the Eastern District of Pennsylvania, which that court dismissed because this court has exclusive jurisdiction to review Board decisions. The Court of Appeals for the Third Circuit affirmed that action, describing Kligman's appeal to it as an attempt to "somehow circumvent the structure of federal personnel adjudication-and essentially forum shop." Kligman v. Internal Revenue Service, 272 Fed. Appx. 166, 169 (3rd Cir. 2008) (unpublished).

Kligman tried again in 2008, when he sought from the Pennsylvania district court permission to file his untimely appeal from the Board to this court, on the claim that court employees had misled him about in which court his prior appeal should have been filed. The district court denied that relief because it had no power to extend the time for appeal beyond the statutory limit.

Kligman then filed with the Board, in February 2009, the appeal that is the subject of the present litigation. Once again, he challenged IRS' 1999 failure to appoint him as a seasonal tax examiner. A different Board administrative judge dismissed Kligman's appeal for lack of jurisdiction under the doctrine of collateral estoppel. In her initial decision, the administrative judge concluded: "The Board lacks jurisdiction in this

matter because collateral estoppel bars the appellant from relitigating the Board's jurisdiction over the agency's failure to select him for a position he sought in 1999." That initial decision became the Board's final decision when Kligman failed to seek Board review of it within the time specified.

In his informal brief, Kligman "request[s] that the Fed. Cir. reverse the Board's dismissal for lack of jurisdiction, and remand for examination of the true reason for the IRS' 'failure to select,' or, alternatively, the Fed. Cir., itself, inquire into the circumstances surrounding the 'failure to select.'"

III

Various legal principles have been developed to protect courts and litigants from having to relitigate issues that have been fully and fairly resolved in prior litigation. These principles include the doctrines of res judicata, law of the case and the one here involved, collateral estoppel (also called issue preclusion). Under it a litigant who has litigated an issue, albeit unsuccessfully, in a full and fair proceeding, is estopped from relitigating the issue in a subsequent proceeding. Cf. Thomas v. Gen. Servs. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986). The Board "can apply the doctrine of issue preclusion in the appropriate circumstances." Id.

In its 2006 decision that denied Kligman's request for regulation review, the Board fully considered but rejected Kligman's challenges to the IRS' refusal, under the "rule of three," to appoint him as a seasonal tax examiner in 1999. It upheld both the validity of the "rule of three" itself and its 1999 application to Kligman's employment request. Kligman permitted that Board decision to become final when he (1) filed in this court an untimely appeal from it and (2) then dismissed that appeal. In his informal brief

in this case, Kligman admits that "[t]he essence of the 'appeal' . . . remains unchanged from the earlier 'appeal' to the MSPB. The only revision is a more accurate description of IRS behavior."

Accordingly, this case involves "appropriate circumstances" (Thomas, supra) for the Board's application of collateral estoppel to bar Kligman from relitigating issues that had been fully, fairly and finally litigated in the prior Board proceedings. To the extent that Kligman may be challenging the Board's earlier ruling (made by the administrative judge) that only the full Board and not an administrative judge is authorized to review OPM's "rule of three" regulation, that issue is moot because of the full Board's subsequent ruling that upheld the regulation and its application to Kligman.

## CONCLUSION

The decision of the Board is

## AFFIRMED.