**AMERICAN FEDERATION of GOVERN-MENT EMPLOYEES, AFL–CIO, National Council of Grain Inspection Locals, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 85–4541.

United States Court of Appeals, Fifth Circuit.

July 21, 1986.

William J. Stone, Asst. Gen. Counsel, AFGE, AFL–CIO, Mark D. Roth, Gen. Counsel, Washington, D.C., for petitioner.

Robert J. Englehart, Ruth E. Peters, Sol., FLRA, Steven H. Svartz, Deputy Sol.,

William E. Persina, Assoc. Sol., Washington, D.C., for respondent.

Before WILLIAMS, JOLLY and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The petitioning union is the exclusive representative of certain employees of a federal agency. The union asks us to review a Federal Labor Relations Authority decision that a particular union proposal, submitted during collective bargaining, is outside the agency's statutory duty to bargain. The basis for the Federal Labor Relations Authority's decision is that the union proposal is in conflict with a government-wide regulation promulgated by the Office of Personnel Management. We uphold the decision of the Federal Labor Relations Authority, and hold that that body has no authority to adjudicate the validity of a government-wide regulation promulgated by another federal administrative agency.

## I

The American Federation of Government Employees ("AFGE"), representing certain employees of the United States Department of Agriculture, Federal Grain Inspection Service ("the agency"), sought to bargain over a proposal that provides as follows:

> All full-time employees in the unit will be assigned to a basic workweek of five consecutive days; employees will be advised not less than two weeks in advance of the shift to which they will be assigned for the basic workweek. Variations in the scheduled daily duty hours during the basic workweek will be appropriate for negotiations at the field office level.

The agency took the position that the proposal was nonnegotiable because it was inconsistent with a government-wide Office of Personnel and Management ("OPM") regulation [1] and certain federal statutes, and therefore was not within the agency's duty to bargain. Under the Civil Service Reform Act, a proposal that is inconsistent with a government-wide rule or regulation is outside the parties' duty to bargain in good faith.[2]

Upon consideration of the entire record, the FLRA determined the union proposal conflicted with a government-wide OPM regulation.[3] The union appealed the agency's allegation of nonnegotiability to the Federal Labor Relations Authority ("FLRA").[4] Accordingly, the FLRA concluded that the union's proposal is outside the agency's duty to bargain. The FLRA dismissed the union's petition.[5]

---

1. The regulation in question, 5 C.F.R. § 610.121, was promulgated by the OPM in its present form in January 1983, pursuant to statutory authority conferred on the OPM by 5 U.S.C. § 6101(c) (1982). 48 Fed.Reg. 3931–32 (Jan. 28, 1983). The pertinent part of this regulation provides that an agency head shall revise an employee's workweek if, at any time prior to the start of the workweek, the agency head knows that the employee's scheduled workweek does not fit the agency's current needs.

2. See 5 U.S.C. § 7117(a)(1).

3. The FLRA was faced with a nearly identical situation in an earlier case brought to it by AFGE, *American Federation of Government Employees, AFL–CIO, Local 2484 and U.S. Army Garrison, Fort Detrick, Maryland*, 17 F.L.R.A. 769 (1985) (*Fort Detrick*), petition for review filed *sub. nom. AFGE, Local 24894 v. FLRA*, No. 84–1405 (D.C.Cir. petition for review filed July

3, 1985). In *Fort Detrick*, the FLRA concluded that a proposed contract provision would prevent the agency head from rescheduling an employee's regularly scheduled workweek unless the agency head knew of the need to reschedule at least two weeks prior to the affected workweek. Such a limitation would, in certain circumstances, prevent the agency from complying with the government-wide OPM regulation, 5 C.F.R. § 610.121(b)(2). *Fort Detrick* therefore held that the proposal was outside the agency's duty to bargain. The FLRA relied on the analysis and holding of *Fort Detrick* to reach its decision in the instant case.

4. Section 701 of the Civil Service Reform Act, 5 U.S.C. § 7117(c), provides for such appeal.

5. See *American Federation of Government Employees, AFL–CIO, National Council of Grain Inspection Locals and Department of Agriculture,*

## II

AFGE acknowledges that its proposal is inconsistent with a government-wide OPM regulation. Implicit in AFGE's position is the concession that if the regulation is valid, then the union's proposal is, as the FLRA determined, outside the agency's statutory duty to bargain. AFGE appeals the FLRA's decision on the sole ground that the regulation is invalid because it is contrary to the statute that it implements.[6] Because the regulation allows an agency to change employees' work schedules with less advance notice than that allowed by the statute, argues AFGE, the regulation contravenes the statute and should be given no effect by the FLRA.

The FLRA responds to AFGE's argument by contending that the FLRA has no power to assess the lawfulness or validity of another federal agency's government-wide regulation. The FLRA contends that it is empowered by Congress only to determine whether bargaining proposals conflict with any government-wide rules or regulations. Because, as conceded by AFGE, AFGE's proposal conflicts with a government-wide regulation, the FLRA stands by its determination that the union's proposal is not within the agency's bargaining obligation.[7] The FLRA urges us to hold that AFGE presents no basis for reversing the FLRA's decision in this case.

Before discussing the merits of the case, we note that the FLRA has been designated by Congress to enforce the Civil Service Reform Act. We must therefore presume that the FLRA has a thorough understanding of the provisions of that Act. *See Equal Employment Opportunity Commission v. Federal Labor Relations Authority,* —— U.S. ——, 106 S.Ct. 1678, 1681, 90 L.Ed.2d 19 (1986) (Stevens, J., dissenting). The FLRA's determinations are to be upheld if they are supported by substantial evidence on the record as a whole; are not arbitrary, capricious, or an abuse of discretion; and are otherwise in accordance with law. *See* 5 U.S.C. §§ 706(2)(A–F), 7123(c); *Equal Employment Opportunity Commission v. Federal Labor Relations Authority,* 744 F.2d 842, 847 (D.C.Cir.1984) (cert. petition dismissed on appeal, *EEOC v. FLRA,* —— U.S. ——, 106 S.Ct. 1678, 90 L.Ed.2d 19 (1986)).

## III

▆▆▆ In negotiability disputes such as this one, an FLRA decision addresses only the negotiability of the union proposal under the Civil Service Reform Act. *Department of Defense, Army-Air Force Exchange Service v. Federal Labor Relations Authority,* 659 F.2d 1140, 1147 (D.C.Cir.1981). We find no support in either the statutes or the case law for AFGE's argument that the FLRA may rule on the legality or validity of a government-wide OPM regulation. Section 7104 of the Civil Service Reform Act, the section which sets out the powers and duties of the FLRA, enumerates more than several duties of the FLRA, none of which relates to passing judgment on rules or regulations enacted by any other federal agency. Section 7117(a)(1) provides that the duty to bargain in good faith over a particular proposal is subject to the condition that the proposal is not inconsistent with *"any* Federal law or *any* Government-wide rule or regulation",[8] AFGE advances no argument that leads us to perceive that Congress intended the FLRA to sit in review of other agencies' regulations.

AFGE recognizes in its brief that its petition is "a somewhat unusual vehicle to contest, in effect, the legality of an agency regulation." We agree. If AFGE wishes to challenge the validity of this OPM regulation, there are other means available.

---

*Federal Grain Inspection Service,* 18 F.L.R.A. No. 70 (1985).

6. 5 U.S.C. § 6101 is the statute implemented by the regulation. AFGE contends that section 610.121(b) of the regulation specifically conflicts with 5 U.S.C. § 6101(a)(3).

7. *See* 18 F.L.R.A. No. 70; 5 U.S.C. § 7117(a)(1).

8. 5 U.S.C. § 7117(a)(1) (emphasis added).

*See, e.g., National Treasury Employees Union v. Devine,* 577 F.Supp. 738 (D.C.D. C.1983), *aff'd,* 733 F.2d 114 (D.C.Cir.1984) (union challenging OPM regulations in district court).[9]

We conclude by holding that the FLRA, in determining that the union's proposal falls without the parties' statutory duty to bargain, has properly performed its congressionally mandated role. The order of the FLRA is

ENFORCED.

---

**9.** AFGE secondarily argues that the OPM regulation at issue should be given no effect because it violates the requirements of Title 5 of the United States Code pertaining to flexible and compressed work schedules in the federal service, 5 U.S.C. §§ 6120 *et seq.* This argument fails for the same reason AFGE's primary argument fails: the FLRA has no authority to adjudge the validity of an OPM regulation.