# United States Court of Appeals for the Federal Circuit

2006-3054

DAVID M. PARRISH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE INTERIOR,

Intervenor.

Jeffrey A. Dahl, Jeffrey A. Dahl, P.C., of Albuquerque, New Mexico, argued for petitioner.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were Martha B. Schneider, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

John S. Groat, Attorney, David M. Cohen, Director, and Donald E. Kinner, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3054

DAVID M. PARRISH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE INTERIOR,

Intervenor.

_____

DECIDED:  February 7, 2007

_____


Before LINN, Circuit Judge, FRIEDMAN and PLAGER, Senior Circuit Judges.

FRIEDMAN, Senior Circuit Judge.

The petitioner, David M. Parrish, sought to challenge before the Merit Systems Protection Board ("Board") his removal from government employment in a Reduction in Force ("RIF").  The Board dismissed the appeal for lack of jurisdiction, on the ground that, pursuant to authorizing legislation, the employing agency had adopted a personnel system that eliminated its employees' right to appeal RIFs to the Board.  We conclude that in so ruling the Board did not adequately consider Parrish's challenge to the procedures the Agency followed in eliminating RIF appeals to the Board.  We therefore

vacate the Board's dismissal of Parrish's appeal, and remand the case to the Board to reconsider its jurisdiction under the standards set forth in this opinion.

I

In 1998, Congress enacted the Haskell Indian Nations University and Southwestern Indian Polytechnic Institute Administrative Act of 1998, Pub. L. No. 105-337, 112 Stat. 3171 (codified at 25 U.S.C. § 3731 note) ("Act"). The two named institutions are federally-owned, -funded, and -operated colleges for Native Americans. Parrish was the Dean of Administration at the Polytechnic Institute (the "Institute").

The Act authorized the two institutions to conduct demonstration projects "to determine whether specified changes in personnel management policies or procedures would result in improved personnel management." Id. §§ 3-4. The Act stated that "the methods of reducing overall staff and grade levels" implemented by the demonstration project would not be limited by any "inconsistent . . . provision of law, rule, or regulation" relating to that subject. Id. § 4(a)(8). The Act required that "[b]efore commencing a demonstration project," the Institute must "develop a plan for such project" and "publish the plan in the Federal Register." Id. § 4(b)(1)-(2). It also required that the plan must "identif[y] . . . a specific citation to any provision of law, rule, or regulation which, if not waived, would prohibit the conducting of the project, or any part of the project as proposed." Id. § 4(b)(1)(J).

The Institute developed a plan under which its employees would no longer be covered by Title 5 of the Code of Federal Regulations, but instead would be covered by Title 25, part 38 (specifically 25 C.F.R. § 38.15), which states that the Institute has an independent personnel system established under the Act. Id. The Institute drafted a

Personnel Manual, which included the procedures to be followed in a RIF. These included a negotiated-grievance procedure for administratively challenging RIFs and, according to the Board, the elimination of RIF appeals to the Board. See Parrish v. Dep't of Interior, 99 M.S.P.R. 670, 672 (2005). Parrish apparently had a significant role in formulating and drafting the Personnel Manual.

The Institute did not publish the Personnel Manual (which it apparently viewed as the statutory "plan" for its demonstration project) in the Federal Register. Id. at 673. It did, however, publish two statements in the Federal Register that referred to the Personnel Manual but did not state that the new procedures would eliminate Board RIF appeals. The first was a notice of proposed rulemaking; the second was a rule adopting an amended regulation that described the demonstration project. See 65 Fed. Reg. 26,728 (May 8, 2000); 65 Fed. Reg. 58,182 (Sept. 27, 2000). The final rule contained the following statements, now codified at 25 C.F.R. § 38.15:

> (a) The Southwestern Indian Polytechnic Institute has an independent personnel system established under Public Law 105-337, the Administrative Systems Act of 1998, 112 Stat. 3171. The details of this system are in the Indian Affairs Manual (IAM) at Part 20. This manual system may be found in the Bureau of Indian Affairs Regional and Agency Offices, Education Line Offices, and the Central Office in Washington, DC.

> (b) The personnel system is in the excepted service and addresses the areas of classification, staffing, pay, performance, discipline, and separation. Other areas of personnel such as leave, retirement, life insurance, health benefits, thrift savings, etc., remain under the jurisdiction of Office of Personnel Management.

The Institute then conducted a RIF, in which it eliminated Parrish's position and removed him. Parrish did not challenge the RIF and his removal by invoking the

Institute's administrative grievance procedure. Instead, he appealed his removal to the Board.

The Institute moved to dismiss the appeal for lack of jurisdiction, on the ground that its plan had terminated the Board's jurisdiction over appeals from the Institute's RIF removals. The Board's administrative judge denied the motion. He held that the Institute's purported elimination in its plan of appeals to the Board in RIF cases was ineffective because the Institute had not published its plan in the Federal Register, as the Act required, and that Parrish, therefore, retained his right to appeal to the Board. Parrish v. Dep't of the Interior, DE-0351-05-0293-I-1, 3-4 (M.S.P.B. July 8, 2005).

On interlocutory appeal, the Board reversed. It held that it lacked jurisdiction over Parrish's appeal and dismissed it.

The Board found that the Act "affords the agency discretion to develop its own personnel system without regard to title 5 of the United States Code or the OPM regulations" and that "the agency exercised that discretion when it developed and made effective its Personnel Manual. The agency's personnel system does not provide employees separated by RIF with a right to appeal that action to the Board." Parrish, 99 M.S.P.R. at 673.

The Board recognized that "[i]t may well be that the agency did not comply with the Federal Register publication requirement of section 4(b)(2) of [the Act]." Id. at 673. It ruled, however, that the Act "does not provide the Board with authority to enforce the procedural requirements of that statute or to nullify actions taken pursuant to that statutory authority. Nothing in the statute or its legislative history indicates that Congress intended that the Board should have a role in overseeing the agency's

exercise of its statutory authority to waive provisions of title 5 and OPM [Office of Personnel Management] regulations." Id. (citation omitted). The Board found

> that the agency exercised its authority to develop a personnel system without regard to title 5 and that its system does not provide for a right to appeal a separation through its RIF procedures to the Board. Thus, the Board lacks jurisdiction over this appeal and it must be dismissed.

Id.

## II

The Board's jurisdiction here covers "any action which is appealable to the Board under any law, rule, or regulation." Raising v. Dep't of Navy, 444 F.3d 1349, 1354 (Fed. Cir. 2006) (quoting 5 U.S.C. § 7701 (2000)). An OPM regulation, 5 C.F.R. § 351.901, provides that "[a]n employee who has been . . . separated . . . by a reduction in force action may appeal to the Merit Systems Protection Board." The Board has the authority, indeed the obligation, to determine its own jurisdiction over a particular appeal. See Cruz v. Dep't of Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991) ("The Board has . . . jurisdiction to determine its jurisdiction.").

In the Act, Congress authorized the Institute to conduct demonstration projects to determine whether particular changes in personnel practices and policies would improve personnel management, and provided that such projects may be implemented despite any "inconsistent . . . provisions of law, rule, or regulation." It is conceded that such a plan may make significant changes in previously existing personnel practices, including the elimination of the Board's jurisdiction over appeals in particular kinds of cases. Here, the Institute substituted an internal agency grievance procedure for the existing appeal to the Board to challenge removals effected through RIFs.

Congress specified in considerable detail the procedures and limitations the Institute must follow and apply in taking such action. One of those conditions is that before implementing such a plan, the Institute must publish it in the Federal Register. It is conceded that the Institute did not so publish its proposed Personnel Manual, which apparently it views as its statutory "plan," in the Federal Register before implementing it.

Parrish contends that this failure to publish, and the failure to specify that the plan would eliminate the right to appeal RIFs to the Board, vitiated the Institute's implementation of its plan and therefore that the plan did not supersede the Board's existing jurisdiction to review RIFs. The Institute responds that the statement about the Manual that it published in the Federal Register satisfied its statutory publication obligation. The Board did not resolve this issue, because it ruled that the Institute exercised its "discretion to develop its own personnel system without regard to title 5 of the United States Code or the OPM regulations . . . when it developed and made effective its Personnel Manual [which] does not provide employees separated by RIF with a right to appeal that action to the Board." Parrish, 99 M.S.P.R. at 672.

The right to appeal to the Board is a settled part of the procedures and standards governing RIFs generally. One would expect that, before concluding that an agency had ended Board jurisdiction over a particular category of RIFs, the Board would fully and carefully analyze the agency's action to ensure that the agency had complied with the requirements Congress had imposed as a condition for limiting the Board's jurisdiction. Such an analysis and evaluation would be a necessary and an appropriate part of the Board's determination of its own jurisdiction. It would not be, as the Board

apparently viewed it, an unwarranted attempt "to enforce the procedural requirements of that statute [the Act] or to nullify actions taken pursuant to that statutory authority," nor would it give the Board an inappropriate "role in overseeing the agency's exercise of its statutory authority to waive provisions of title 5 and OPM regulations." See id. at 673. The fact that the Institute "develop[ed] its own personnel system," which did not provide for RIF appeals to the Board and which the Board in turn deemed dispositive of its own jurisdiction, does not address or answer the question whether in taking that action the Institute complied with the requirements Congress imposed as conditions for such action.

Indeed, in its earlier decision in Kohfield v. Department of Navy, 75 M.S.P.R. 1 (1997), the Board recognized its obligation to determine whether in connection with a demonstration project OPM "specifically waived the RIF regulations" providing for Board review. Id. at 6. There, a removed employee argued that OPM, in approving an agency demonstration project under a similar statute, had not properly waived the application of OPM's regulation providing for Board review in RIF proceedings. In rejecting that contention, the Board conducted a detailed analysis of whether OPM had taken the necessary steps and followed the necessary procedures in terminating Board jurisdiction. Id. at 5-6. The Board has not given any convincing reason why it did not follow the same course in the present case.

Neither of the two cases upon which the Board primarily relied in its opinion support its decision. In Thompson v. Office of Personnel Management, 87 M.S.P.R. 184 (2000), which involved a dispute over hours of work, the Board held that it had no jurisdiction to "review . . . 'the Director of Personnel Management's decision to

implement'" certain OPM regulations because "determining whether OPM followed the proper procedures in issuing its regulations is not enumerated among the powers and functions of the Board." Id. at 187-88. In American Federation of Government Employees v. Federal Labor Relations Authority, 794 F.2d 1013 (5th Cir. 1986), the Fifth Circuit held that the Federal Labor Relations Authority had no jurisdiction to decide whether a union proposal conflicted with a government-wide OPM regulation and therefore, the dispute was not a matter over which a federal agency was required to bargain collectively because the Labor Relations Authority "has no authority to adjudicate the validity of a government-wide regulation promulgated by another federal administrative agency." Id. at 1014.

Although both cases dealt with the jurisdiction of an administrative agency, they involved quite different issues from the question here, which is whether the agency conducting the personnel demonstration project satisfied the conditions Congress imposed for eliminating Board jurisdiction over appeals in a particular category of cases.

In sum, on remand, the Board should first determine whether the Institute's elimination of Board jurisdiction over its RIF appeals satisfied the statutory requirements for effecting such action, including publication of its plan in the Federal Register and identifying the statutory and regulatory provisions that, if not waived, would have prohibited the proposed personnel-practices changes. If the Board holds that the Institute did not comply with the statutory requirements, it would then face the question whether such non-compliance vitiated the Institute's supersession of the Board's jurisdiction over RIF actions.

CONCLUSION

The decision of the Board dismissing Parrish's appeal for lack of jurisdiction is vacated, and the case is remanded to the Board to reconsider its jurisdiction in accordance with the principles set forth in this opinion.

VACATED AND REMANDED