NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3140

MINORU M. FREUND,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

## O R D E R

The Department of the Air Force submits a status report and requests that the court reform the caption to designate the Merit Systems Protection Board as respondent. The Air Force states that the Board suggests that the case be remanded in light of this court's recent decision in Parrish v. Merit Sys. Prot. Bd., 2006-3054 (Fed. Cir. Feb. 7, 2007).

Minoru M. Freund was appointed to a position as a research physicist. The appointment was part of a demonstration project with an extended three-year probationary period. Freund's employment was terminated during the probationary period. Freund sought to appeal his termination to the Board. The administrative judge (AJ) determined that even though the agency may not have followed the requirements for eliminating Board appeal rights set forth in the statute governing the demonstration project, the Board lacked authority to enforce those statutory requirements and thus

Freund did not have the right to seek Board review of his termination. Freund v. Air Force, No. CH-315H-05-0773-I-1 (Oct. 21, 2005).

This petition for review was stayed pending this court's decision in Parrish. In both cases, the Board determined that it lacked jurisdiction because a demonstration project had eliminated appeal rights, even though the agency may not have complied with certain statutory requirements. In Parrish, this court vacated and remanded for a Board determination whether the agency satisfied the statutory requirements for eliminating Board jurisdiction and, if not, whether the Board had jurisdiction in light of the agency's non-compliance.

Because this case presents the same issue as Parrish, we determine that it is appropriate to vacate and remand.

Accordingly,

IT IS ORDERED THAT:

(1)     The AJ's October 21, 2005 decision is vacated and the case is remanded for further proceedings consistent with our decision in Parrish.

(2)     The request to reform the caption is moot.

(3)     Each side shall bear its own costs.

FOR THE COURT

<table>
<tr><td>    June 6, 2007    </td><td> /s/  Jan Horbaly    </td></tr>
<tr><td>Date</td><td>Jan Horbaly<br>Clerk</td></tr>
</table>

cc:   Minoru M. Freund
      Jack S. Groat, Esq.
      Michael Carney, Esq.
s17