**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAFAEL A. JOSEPH,
　　　　　　Appellant,

　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
PH-0841-22-0032-I-1

DATE: April 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Rafael A. Joseph</u>, Philadelphia, Pennsylvania, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which found without holding a hearing that he was not entitled to an annuity under the Federal Employees' Retirement System due to the prior refund of his retirement deductions. For the reasons discussed below, we GRANT the appellant's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On October 31, 2011, after almost 30 years of Federal service, the appellant resigned from his employment with the United States Postal Service. Initial Appeal File (IAF), Tab 1 at 7; *Joseph v. Office of Personnel Management*, MSPB Docket No. PH-0842-21-0117-I-1, Initial Appeal File (0117 IAF), Tab 6 at 71, 75-80. The Office of Personnel Management (OPM) refunded the appellant's retirement deductions in August 1986, with a payment of $2,430.43, and in May 2012, with a payment of $11,554.49. IAF, Tab 6 at 5; 0117 IAF, Tab 6 at 80, 83, 94.

The appellant previously filed a Board appeal in March 2016, seeking review of OPM's refund of his retirement deductions. *Joseph v. Office of Personnel Management*, MSPB Docket No. PH-0841-16-0228-I-1, Initial Appeal File (0228 IAF), Tab 1 at 2, 8. He argued that OPM erred in finding him eligible for a refund and in failing to provide information regarding the consequences of receiving a refund on his retirement benefits. *Id.* at 8-9. OPM asserted that it had not yet issued a reconsideration (or final) decision and moved to dismiss the appeal for lack of Board jurisdiction. 0228 IAF, Tab 6 at 4. It indicated that, once the appeal was dismissed, it would issue "a decision to the appellant about his eligibility for a retirement benefit effective on his resignation date." *Id.* An administrative judge dismissed the appellant's March 2016 appeal for lack of Board jurisdiction because OPM had not yet issued a reconsideration decision. 0228 IAF, Tab 11, Initial Decision. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) affirmed that dismissal in June 2019 based, in part, on OPM's representation that it would issue a reconsideration decision on the

appellant's claims.[2]  *Joseph v. Merit Systems Protection Board*, 776 F. App'x 676 (Fed. Cir. 2019).

In November 2021, the appellant filed the instant appeal, again seeking Board review of whether OPM should have refunded his retirement deductions and if it provided him with proper information when it did so.  IAF, Tab 1 at 1-4, Tab 11 at 3-4.  The appellant claimed OPM had failed to issue a final decision on these matters.  IAF, Tab 1.  OPM filed a motion to dismiss the appeal, asserting that it had issued an initial decision on January 28, 2019, advising the appellant that he was not due any retirement benefits because it had previously refunded his retirement deductions.  IAF, Tab 6 at 4-5.  It stated that "the appellant needs to ensure that he has requested reconsideration . . . if he hasn't already done so."  *Id.* at 4.  The appellant questioned whether he had received OPM's January 28, 2019 initial decision.  IAF, Tab 11 at 2.

The administrative judge scheduled a hearing.  IAF, Tab 8.  However, she canceled the hearing after the appellant indicated that he would not call witnesses or submit any additional evidence.  IAF, Tab 9 at 1, Tab 10 at 1.  The administrative judge issued an initial decision stating, without explanation, that the Board has jurisdiction over the appeal.  IAF, Tab 12, Initial Decision (ID) at 1.  She affirmed OPM's January 28, 2019 initial decision.  ID at 1-2, 4-5.  She reasoned that the appellant was not eligible for an annuity because he lacked the necessary years of service and had received a refund of his retirement deductions.  ID at 4-5.

The appellant has filed a petition for review with the Board.  Petition for Review (PFR) File, Tabs 1, 6.  OPM has submitted a nonsubstantive response to the petition for review.[3]  PFR File, Tab 4.

---

[2] The appellant filed a petition for review of the administrative judge's initial decision with the Board.  0228 Petition for Review (0228 PFR) File, Tabs 1.  However, he later withdrew his petition.  0228 PFR File, Tabs 11, 13, 16.

[3] With his petition for review, the appellant included a request that the Department of Justice (DOJ) appear as an amicus curiae.  PFR File, Tab 6 at 6-8.  However, because

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We agree with the administrative judge that the Board has jurisdiction over this appeal even though OPM has not issued a reconsideration decision.</u>

In her initial decision, the administrative judge found that the Board has jurisdiction over this appeal. ID at 1. The parties do not dispute the Board's jurisdiction on review, and we agree with her conclusion. PFR File, Tabs 4, 6. However, because the administrative judge did not explain her jurisdictional finding and also stated that the appellant had not requested a reconsideration decision, we explain the basis of the Board's jurisdiction here. ID at 5; *see Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007) ("The Board has the authority, indeed the obligation, to determine its own jurisdiction over a particular appeal." (citation omitted)).

If OPM has not issued a reconsideration decision on an appellant's entitlement to a retirement benefit, the Board generally lacks jurisdiction over an appeal of that matter. 5 U.S.C. § 8461(e)(1); *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012); 5 C.F.R. § 841.308. However, notwithstanding the absence of such a decision, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). The appellant argued below that he was entitled to a reconsideration decision on the refund issues he raised here because OPM was ordered to issue one. IAF, Tab 1 at 1, Tab 11 at 2.

It is undisputed that OPM has not issued a reconsideration decision. The appellant first appealed OPM's decision to refund his retirement deductions to the Board in March 2016. 0228 IAF, Tab 1. He did not assert that he had applied for a retirement annuity or contacted OPM to contest the refund prior to filing his appeal. In fact, he took the position that OPM should have provided him notice

DOJ never appeared in this appeal, there is no amicus curiae brief for us to consider. *See* 5 C.F.R. § 1201.34(e) (explaining the procedures for appearing as an amicus curiae before the Board).

of his reconsideration rights "at the time of his separation." 0228 IAF, Tab 8 at 4. Within a month of the appellant filing his appeal, OPM filed a submission stating that it had not issued a reconsideration decision and indicated that it would issue a decision once the appeal was resolved. 0228 IAF, Tab 6 at 4. In dismissing that appeal, the administrative judge stated he would "hold OPM to that promise." 0228 ID at 2.

Similarly, in its June 2019 decision on the appellant's subsequent appeal to the Federal Circuit, the court indicated that OPM had represented that "it w[ould] be issuing a final decision on the merits." *Joseph*, 776 F. App'x at 678 n.3. Based on OPM's representation, the Federal Circuit determined that OPM had not refused or improperly failed to issue a reconsideration decision as contemplated in *Okello*. *Id.* OPM asserted below that it issued an initial decision on January 28, 2019, for which the appellant had not requested reconsideration. When a party takes a position in prior litigation on which it is successful, it is barred by the doctrine of judicial estopped from taking the contrary position in subsequent litigation. *Bencomo v. Department of Homeland Security*, 115 M.S.P.R. 621, ¶ 7 (2011) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (stating the same)), *aff'd per curiam*, 468 F. App'x 986 (Fed. Cir. 2012). OPM's position in the instant appeal that it issued an initial decision in January 2019, and that it would not issue a reconsideration decision until the appellant requested one, is contrary to its previous representation to the Federal Circuit, as of June 2019, that it would issue a reconsideration decision. *Compare* IAF, Tab 6 at 4, *with Joseph*, 776 F. App'x at 678 n.3. Thus, we are not persuaded that OPM has met its obligations to the appellant solely by issuing an initial decision that advised him of his right to request reconsideration.

Further, the appellant apparently raised the refund matter in a February 2021 appeal from OPM's determination that he untimely filed an application for a disability retirement annuity. 0117 IAF, Tab 1 at 3, Tab 14, Initial Decision (0117 ID) at 1. The administrative judge in that case affirmed OPM's timeliness

determination. 0117 ID at 1, 6. However, she warned, "If OPM does not issue a reconsideration [decision] on the refund of contributions issue, or determine that the appellant is entitled to an annuity," its failure to do so "could confer Board jurisdiction over the appeal." 0117 ID at 5.

OPM's repeated failure to issue a reconsideration decision on the appellant's refunds since March 2016, i.e., for over 6 years and through the course of 2 appeals in which the appellant repeatedly raised the matter, is an improper failure to issue a final decision. *E.g., Okello*, 120 M.S.P.R. 498, ¶ 15 (finding Board jurisdiction when OPM failed to issue a reconsideration decision after an appellant diligently sought one for 6 years, and observing that OPM had disregarded a prior promise to issue a new decision); *Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, ¶ 8 (2006) (concluding the Board had jurisdiction when OPM did not acknowledge or issue an initial decision on a disability retirement application for over 18 months, and gave no explanation for its failure to do so). Its failure also contradicts its prior successful representations that the Board did not have jurisdiction under *Okello* because it intended to issue such a decision. 0228 IAF, Tab 6 at 4; 0228 ID at 2; 0117 IAF, Tab 10 at 2; 0117 ID at 5; *Joseph*, 776 F. App'x at 678 n.3.

As to the January 28, 2019 initial decision it provided below, OPM did not submit any evidence that it sent that decision to the appellant.[4] Rather, in an unsworn statement, the agency's representative stated that the unsigned letter, which does not contain author's name, "was sent to the appellant." IAF, Tab 6 at 4-7. This assertion is not evidence and does not prove the decision was mailed. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995) (explaining that the statements of a party's representative in a pleading generally do not constitute evidence); *Jordan v. Department of the Treasury*, 64 M.S.P.R. 242, 244-45 (1994) (indicating that the mere statement of an appellant's

---

[4] It is also worth noting that the initial decision does not appear to address the issues raised by the appellant regarding whether he should have received a refund, and if OPM provided him with the proper information when doing so. IAF, Tab 1 at 2-3.

representative that a petition for review was mailed on a date prior to the deadline for doing so, without any specific details concerning such mailing, did not establish that it was placed in the mail stream on the claimed date). The appellant suggested he did not receive the initial decision. IAF, Tab 11 at 2. Regardless of the appellant's receipt of this decision, for the reasons discussed above we find that OPM conduct here amounts to an improper failure to issue a reconsideration decision. Therefore, we agree with the administrative judge's determination that the Board has jurisdiction over the appeal.

<u>We remand this appeal for the appellant to receive his requested hearing on the merits.</u>

On review, the appellant reasserts his arguments that OPM acted improperly in refunding his retirement deduction. IAF, Tab 11; PFR File, Tab 6 at 2-5. For example, he asserts that OPM wrongfully refunded his deductions in 2012 despite his alleged eligibility for retirement under a voluntary early retirement authority in 2009 or 2010. IAF, Tab 11 at 3; PFR File, Tab 6 at 4. We find that this case must be remanded for a new determination on the merits.

The administrative judge apparently determined that the appellant was requesting a hearing because she scheduled one. IAF, Tab 8. Although the record does not contain an affirmative request for a hearing, we discern no basis to disturb this determination. *See generally Smith v. Department of the Army*, 3 M.S.P.R. 556 (1980) (stating that failure to definitively ascertain whether an appellant desired a hearing was an effective denial of his hearing right). It is consistent with the appellant's request for a hearing in his March 2016 appeal. 0228 IAF, Tab 1 at 3. Further, in his prehearing submission in the instant appeal, the appellant confirmed his desire for a hearing by expressing his intent to appear at the scheduled hearing, albeit without witnesses or additional evidence, and by including a quote reflecting the importance of courts in ensuring equal treatment. IAF, Tab 9 at 1, 3; *see Smith* 3 M.S.P.R. at 74 (interpreting an appellant's

statement in his appeal that he was prepared to present his evidence orally as an indication that he anticipated a hearing).

A party appealing an OPM retirement determination is entitled to receive a hearing regarding his appeal regardless of whether he would prevail on the merits based on the undisputed facts. *Gowan-Clark v. Office of Personnel Management*, 84 M.S.P.R. 116, ¶ 5 (1999). We find that the administrative judge erred in finding the appellant's receipt of refunds for his retirement deductions voided his right to an annuity without holding the appellant's requested hearing. Further, her holding does not appear to address the actual issues raised by the appellant as to whether OPM erred in refunding the deductions and provided proper information when doing so.[5] PFR File, Tab 6 at 3-4. On remand, the administrative judge should hold a hearing on the merits of the appellant's claims. Regarding any hearing, the appellant stated below that he did not intend to call "any witnesses or submit any additional evidence because OPM has already shown that this agency will not respond to court orders to make decisions." IAF, Tab 9 at 1. Notwithstanding that statement, it is not clear to us that the appellant did not intend to testify on his own behalf. On remand, the administrative judge should permit him to do so if he so wishes.

---

[5] At one point in his petition for review, the appellant argues that he was claiming a "constructive dismissal." PFR File, Tab 6 at 6. In connection with this claim, he argues that the Postal Service management failed to stop him from being mistreated by his coworkers. *Id.*; *see Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996) (explaining that an employee may rebut the presumption that his resignation was involuntary based on the narrow doctrine of coercive involuntariness). If he so desires, the appellant may file a separate appeal from this alleged agency action with the regional office. We make no findings here regarding the Board's jurisdiction over, or the timeliness of, such an appeal.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Gina K. Grippando
　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.