# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAWRENCE PERRY,
                   Appellant,

                   v.

DEPARTMENT OF THE ARMY,
                   Agency.

DOCKET NUMBER
DC-0752-22-0209-I-1

DATE: April 4, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Lawrence Perry, Altenglan, Germany, pro se.

David H. Roberts, Esquire, APO, Europe, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his chapter 75 removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

The appellant was a GS-9 Supervisory Postal Operations Specialist, employed at the agency's Landstuhl Regional Medical Center Postal Facility in Kaiserslautern, Germany. Initial Appeal File (IAF), Tab 1 at 1, 7. On January 28, 2022, the agency issued a decision to remove him, effective February 25, 2022. *Id.* at 3, 7. Prior to the effective date of his removal, on February 3, 2022, the appellant, who is pro se, filed this appeal challenging the merits of the removal.[2] *Id.* at 1, 5. On his appeal form, he checked the box for "Involuntary Resignation" to describe the agency action that he was appealing. *Id.* at 3. He attached a copy of the January 28, 2022 removal decision to his appeal. *Id.* at 7.

The administrative judge issued an order advising the parties of the appellant's burden to prove jurisdiction over an alleged involuntary resignation appeal. IAF, Tab 3. He ordered the appellant to provide evidence and argument regarding the jurisdictional issue. IAF, Tab 3. After neither party responded to the order, the administrative judge issued an initial decision finding that the appellant failed to establish Board jurisdiction over his alleged involuntary resignation. IAF, Tab 6, Initial Decision at 1-2, 6.

The appellant has filed a petition for review in which he states that he "was removed from [his] job for Conduct Unbecoming a Federal Employee." Petition for Review (PFR) File, Tab 1 at 5. He disputes the misconduct for which he was removed, argues his removal was the result of agency error, and raises various mitigating factors. *Id.* at 9-13. The agency has not responded to the petition for review.

Because it appeared that the appellant did not resign but was removed from his position, the Office of the Clerk of the Board issued an order to the parties to indicate whether he resigned from the agency. PFR File, Tab 3. Both parties responded and informed the Board that the appellant was removed. PFR File, Tab 4 at 4, Tab 5 at 4.

---

[2] The appellant submitted a designation of representative form below, but both in that submission and on review, he states that his representative is deceased. IAF, Tab 4 at 3-4, Petition for Review File, Tab 1 at 6, Tab 4 at 4.

The Board has chapter 75 jurisdiction over the removal of an individual who meets the definition of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. §§ 7512(1), 7513(d), 7701(a); *Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶¶ 13-14, 24. As relevant here, the definition of "employee" includes a nonprobationary appointee in the competitive or excepted service who has completed, depending on the circumstances, 1 to 2 years of current continuous service. 5 U.S.C. § 7511(a)(1); *e.g.*, *Moncada*, 2022 MSPB 25, ¶ 14 (finding that appellant met the definition of an employee under 5 U.S.C. § 7511(a)(1)(A) because at the time of his removal he occupied a position in the competitive service, was not serving a probationary or trial period, and had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less). The appellant indicated on his appeal form that he was not serving a probationary or trial period, and that he had 18 years and 7 months of Government service. IAF, Tab 1 at 1. The agency has not contested this assertion, and further concedes on review that the appellant's removal was "under the provisions of 5 U.S.C. Chapter 75." PFR File, Tab 5. Accordingly, we find that the Board has jurisdiction over this appeal.

The agency argues that the appeal should nonetheless be dismissed because the appellant failed to respond to the administrative judge's jurisdictional order. PFR File, Tab 5 at 5. We are not persuaded. "The Board has the authority, indeed the obligation, to determine its own jurisdiction over a particular appeal." *Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007) (citation omitted). The Board may raise the issue of jurisdiction at any time during a Board proceeding, as we do here.[3] *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 4 (2010). To the extent that the agency is suggesting

---

[3] Although not raised by the parties, we acknowledge that the appellant filed his appeal before the agency effected his removal. IAF, Tab 1 at 1, 7. However, it is the Board's practice to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 7 (2007). Therefore, we conclude the early filing of this appeal does not prevent its adjudication at this time.

that the appeal should be dismissed as a sanction, we disagree. A party's failure to comply with a single order does not justify the sanction of dismissal. *Horton v. Department of the Interior*, 104 M.S.P.R. 115, ¶ 10 (2006). This is particularly true in this case because the administrative judge failed to provide this pro se appellant with notice of how to establish jurisdiction over his removal. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Accordingly, this appeal must be remanded to the Washington Regional Office for adjudication of the appellant's removal on the merits.[4]

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[4] In light of our jurisdictional finding here, we find it unnecessary to review the documents the appellant has submitted for the first time on review. PFR File, Tab 1 at 15-95 On remand, the administrative judge should provide the parties with an opportunity to conduct discovery and submit relevant documents into the record, and should hold the appellant's requested hearing. IAF, Tab 1 at 2; 5 C.F.R. §§ 1201.41(b) (setting forth the authority of the administrative judge to rule on discovery, ensure the record is developed, and convene a hearing, among other matters), 1201.73 (setting out the Board's discovery procedures).