**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL A. ENGEN,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
CH-0752-21-0242-I-1

DATE: September 6, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael A. Engen</u>, Duluth, Minnesota, pro se.

<u>Justin Garrett Baker</u>, Esquire, Saint Paul, Minnesota, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency employed the appellant as a WS-6 Material Handler Supervisor, a dual-status military technician position in the agency's 148th Fighter Wing Logistics Readiness Squadron (LRS). Initial Appeal File (IAF), Tab 9 at 40, 59. The appellant was also a member of the Minnesota Air National Guard (MNANG). *Id.* at 60. In August 2020, the agency appointed the LRS Operations Group Superintendent to conduct a Commander Directed Investigation (CDI) into allegations that the appellant made sexual and degrading gender-specific comments and participated in or created an environment that was hostile to members of his squadron based on prohibited factors such as sex and sexual harassment. *Id.* at 12-13.

Effective February 25, 2021, the agency removed the appellant based on three charges: (1) sexual harassment involving a subordinate based on a June 8, 2020 conversation; (2) discrimination based on a prohibited consideration due to incidents that occurred on unspecified dates; and (3) conduct unbecoming a National Guard Bureau employee based on incidents occurring between June 2018 and June 2020. *Id.* at 54-59. The appellant then initiated the instant appeal of his removal. IAF, Tab 1 at 2-3, Tab 9 at 60. One month later, the Adjutant General of the MNANG separated the appellant from MNANG. IAF, Tab 9 at 60.

The administrative judge in the instant appeal issued a jurisdictional order. IAF, Tab 3. She explained that the Board lacks jurisdiction to review the separation of a dual-status technician if that separation concerned either "activity occurring while [he was] in a military pay status" or "his fitness for duty in the reserve components." *Id.* at 2-3 (quoting 32 U.S.C. § 709(f)(4)). She ordered the parties to file evidence and argument regarding whether the appeal was within the Board's jurisdiction. IAF, Tab 3 at 3, Tabs 4, 7. The appellant did not respond. The agency argued that the Board lacks jurisdiction because "the appellant's misconduct partly occurred while in a military pay status" and concerned his fitness for duty in MNANG, as evidenced by his later separation from MNANG.

IAF, Tab 9 at 6. The administrative judge agreed with the agency and dismissed the appeal for lack of Board jurisdiction. IAF, Tab 10, Initial Decision (ID) at 2-5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that his removal from a dual-status technician position was without merit, alleges that the agency committed harmful error and violated his right to due process, and asserts that a Military Separation Review Board largely absolved him of the alleged misconduct and recommended he be issued lesser discipline. *Id.* The agency has not responded to the petition for review.

## ANALYSIS

On review, the appellant does not dispute the administrative judge's jurisdictional findings. Nonetheless, the Board has an obligation to determine its own jurisdiction over a particular appeal. *Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362-63 (Fed. Cir. 2007). Therefore, although not directly addressed in the appellant's petition for review, we have considered whether the Board has jurisdiction over his removal from his dual-status technician position.

The Board generally has jurisdiction over a tenured dual-status technician's removal unless he was removed for conduct occurring while he served in a military pay status or as a result of his lack of fitness for duty in the reserve. 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d); 32 U.S.C. § 709(f)(4)-(5); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1382, 84 (Fed. Cir. 2020). Citing *Dyer*, the administrative judge found that the Board lacks jurisdiction because the appellant was separated from the MNANG following his removal from Federal employment. ID at 4. We disagree. In *Dyer*, 971 F.3d at 1382-84, the U.S. Court of Appeals for the Federal Circuit held that when a dual-status technician is separated from the National Guard, his termination from dual-status employment is required by statute and concerns fitness for duty in the reserves. *Id.* (citing 32 U.S.C. §§ 709(b)(2), (f)(1)(A), (f)(4)). Therefore, it concluded that, unlike a

removal for cause, termination of dual-status employment based on the employee's National Guard separation is outside the Board's jurisdiction. *Id.* at 1383-84.

The instant appeal is distinguishable from *Dyer* because the appellant in this case was removed from his civilian technician position based on allegations of misconduct rather than his separation from the National Guard. IAF, Tab 9 at 48-50, 54-58. In fact, the Standard Form 50 effectuating his removal states that the removal was "[f]or [c]ause" and lists chapter 75 as the legal authority for the removal. *Id.* at 59. Further, the appellant was first removed from his civilian employment and then separated from the National Guard. *Id.* at 59-60. Therefore, his later National Guard separation logically could not serve as the basis for his earlier removal.

The administrative judge also found that the Board lacks jurisdiction because the appellant's alleged misconduct occurred "partly when he was in a military pay status." IAF, Tab 10 at 5. As noted above, the Board lacks jurisdiction over the removal of a dual-status technician based on conduct occurring while he served in a military pay status. 32 U.S.C. § 709(f)(4), (g)(1). However, the Superintendent who conducted the agency's CDI concluded that the appellant was in a Federal technician, as opposed to a military, status for "the majority of the time" during which the alleged misconduct occurred. IAF, Tab 9 at 26. This included the alleged incident of June 8, 2020, which served as the basis for one of the agency's three charges. *Id.* at 48. The Superintendent's admission that a "majority" of the incidents occurred while the appellant was in a Federal technician status is sufficient for the appellant to prove by preponderant evidence that at least some of the conduct at issue in his removal occurred while he was not in a military pay status. *See Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 10 (2016) (observing that an administrative judge may consider the agency's documentary submissions to the extent they support a determination that the appellant made a nonfrivolous allegation of jurisdiction).

As for the remaining incidents, the Superintendent could not confirm whether the appellant was in a military pay or civilian technician status because the witnesses he interviewed could not provide specific dates for the alleged misconduct. *Id.* at 26-27. Thus, neither party may ever be in a position to know the appellant's status during every incident underlying the proposed removal, and we cannot infer, as the administrative judge did, that the appellant's alleged misconduct occurred, in whole or in part, while he was in a military pay status. ID at 5. Nevertheless, based on the manner in which the agency charged the appellant's misconduct, we cannot separate the dual-status technician conduct from the military pay status conduct. IAF, Tab 9 at 48-49. Accordingly, we find that the appellant met his burden to prove jurisdiction. On remand, the administrative judge should adjudicate the merits of the appellant's termination and his due process and harmful error claims. PFR File, Tab 1.

## ORDER

For the reasons discussed above, we VACATE the initial decision and REMAND this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.