# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERESA M. TORRES,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-25-0071-I-1 |
| v. | |
| PENSION BENEFIT GUARANTY<br>    CORPORATION,<br>    Agency. | DATE:  November 21, 2025 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Teresa M. Torres</u>, White Plains, Maryland, pro se.

<u>Miwa De Silva</u>, <u>Andrew Knauss</u>, and <u>Robin McClure</u>, Washington, D.C.,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

On October 26, 2024, the appellant filed a Board appeal, indicating that the agency had removed her from the position of GS-12 Management and Program Analyst on September 26, 2024. Initial Appeal File (IAF), Tab 1 at 8-9. However, in the narrative portion of the Board's appeal form, she provided a "Response to Proposal" that suggested that she had not yet been removed. *Id.* at 9. She did not attach the agency's proposal letter, decision letter, or Standard Form 50 as instructed in the appeal form. *Id.* Thus, on October 29, 2024, the administrative judge ordered the appellant to provide evidence and argument regarding the Board's jurisdiction over her appeal by November 4, 2024. IAF, Tab 3. After the appellant failed to respond, the administrative judge issued an initial decision on November 8, 2024, dismissing her appeal for lack of jurisdiction. IAF, Tab 4, Initial Decision.

The appellant filed a timely petition for review, in which she requested permission to submit documentation of her removal to the Board and stated that she did not upload said documents with her initial appeal because she had not been familiar with the process and the system. Petition for Review (PFR) File, Tab 1 at 3. The agency responded in opposition to review, highlighting that the appellant had still not presented evidence establishing the Board's jurisdiction. PFR File, Tab 3. The appellant has replied to the agency's response. PFR File, Tab 4. With said reply, she has submitted for the first time the agency's decision letter on her proposed removal, dated September 26, 2024.[2] PFR File, Tab 4 at 11-15. The agency's decision letter shows that, effective September 26, 2024, the agency removed the appellant under chapter 75 based on unsuccessful performance in Calendar Year 2023. *Id.*

---

[2] The appellant has also submitted a copy of her written reply to the deciding official on her proposed removal, *id.* at 4-8, and a summary of her oral reply, *id.* at 9-10. It appears that the narrative portion of her initial appeal form that had created confusion was an excerpt from her written reply to the agency. IAF, Tab 1 at 9; PFR File, Tab 4 at 4.

Based on this newly submitted documentation, there appears to be no genuine dispute that the Board has chapter 75 jurisdiction over this appeal. The Board has chapter 75 jurisdiction over the removal of an individual who meets the definition of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. §§ 7512(1), 7513(d), 7701(a); *Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶¶ 13-14, 24. As relevant here, the definition of "employee" includes a nonprobationary appointee in the competitive service who has completed has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). The appellant indicated on her appeal form that she was a nonprobationary, permanent employee in the competitive service who has completed over 16 years of Federal service. IAF, Tab 1 at 1, 8. The agency's decision letter also recognizes the appellant's length of service and notifies her of her right to appeal her removal to the Board. PFR File, Tab 4 at 12, 14. Accordingly, we find that the Board has jurisdiction over this appeal.

The agency has opposed review in this case based on the appellant's failure to respond to the administrative judge's order on jurisdiction and her failure once more to submit evidence of the Board's jurisdiction with her petition for review. PFR File, Tab 3; IAF, Tab 3. However, the issue of Board jurisdiction may be raised at any time during a proceeding. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). Furthermore, the Board has an obligation to determine whether it has jurisdiction over an appeal. *Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007). We also recognize the agency's argument that the appellant has not provided an adequate explanation for her failure to respond to the administrative judge's order. PFR File, Tab 3 at 9. Nevertheless, our regulations do not permit a dismissal with prejudice as a sanction for failure to comply with a single order. *See* 5 C.F.R. § 1201.43(a). Accordingly, we remand the appeal to the Washington Regional Office for adjudication of the appellant's removal on the merits.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Gina K. Grippando*

                              _____

                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.