**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TODD HERRERA, | DOCKET NUMBER |
| Appellant, | SF-1221-20-0133-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul Richardson, Boise, Idaho, for the appellant.

Kacy Coble, Esquire, North Little Rock, Arkansas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis as to why the appellant failed to nonfrivolously allege that his protected activity was a contributing factor in any personnel action taken against him, we AFFIRM the initial decision.

## BACKGROUND

The agency hired the appellant as a Police Officer in March 2019. *Herrera v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-20-0133-W-1, Initial Appeal File (IAF), Tab 8 at 17. One of the requirements of the appellant's position was to complete the agency's Police Officer Standardized Training (POST) Course at the agency's Law Enforcement Training Center (LETC). *Id.* at 19, 32-33. The appellant began this training in April 2019. IAF, Tab 9 at 4.

On June 13, 2019, the LETC Director informed the appellant and his management that he would not be allowed to complete the POST Course because of alleged misconduct. IAF, Tab 1 at 7. The following day, the appellant's management submitted a request to LETC that he be readmitted into the POST Course. *Id.* at 9-10. Although the record does not reveal what response, if any, LETC officials provided at that time, the appellant was not readmitted.

On August 19, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 15 at 1. As some correspondence regarding the appellant's complaint indicates, it concerned his dismissal from LETC, which he believed was in violation of the law because he was not provided with advance notice and an opportunity to reply. IAF, Tab 6 at 42-44. The appellant also asserted that the LETC Director abused his power and falsified information when he alleged that the appellant engaged in misconduct. *Id*. at 12-13. There is no indication that the appellant asserted that he made a protected disclosure or engaged in a protected activity prior to his dismissal from LETC.

According to the appellant, on September 24, 2019, after his management made further requests to LETC that he be allowed to complete his training, LETC staff responded that he would not be allowed to return. *Herrera v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-20-0025-W-1, Appeal File (0025 AF), Tab 1 at 11-12.[2] That same day, the appellant emailed OSC to inform it of this update and asserted that the agency's actions constituted whistleblower retaliation. *Id*. On October 3, 2019, OSC terminated its investigation into the appellant's August 2019 OSC complaint. IAF, Tab 6 at 47-48.

On October 9, 2019, the appellant filed an IRA appeal with the Board, asserting that the agency committed whistleblower retaliation and violated various statutes and regulations when it dismissed him from LETC. 0025 AF, Tab 1 at 6. The appellant shortly thereafter moved to withdraw that IRA appeal, 0025 AF, Tab 4 at 4, and the administrative judge thus dismissed it as withdrawn, 0025 AF, Tab 7.

The appellant filed a second OSC complaint later that month. IAF, Tab 6 at 6, Tab 14 at 6. In that complaint, he alleged that after OSC initiated an investigation into his first complaint and notified the LETC Director of that OSC complaint, the Director misled OSC investigators in order to "justify / continue

---

[2] The Board may take official notice of matters that can be verified, including documents or actions in other Board appeals. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010); *see* 5 C.F.R. § 1201.64.

denying [the appellant] access to training at . . . LETC." IAF, Tab 6 at 29-32. OSC terminated its investigation into the appellant's October 2019 OSC complaint on November 19, 2019. *Id*. at 34.

This IRA appeal followed. The appellant alleged that LETC dismissed him from training and refused to readmit him in retaliation for his protected OSC activity. IAF, Tab 1 at 4-5, 8-12. The administrative judge informed the appellant how to establish the Board's jurisdiction over his IRA appeal. IAF, Tab 2 at 2-8. While this appeal was pending below, the appellant resigned from the agency and transferred to the Department of Homeland Security. IAF, Tab 16 at 5.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID). She assumed, without making findings, that the appellant exhausted his OSC remedy and engaged in protected activity by filing the August 2019 OSC complaint. ID at 7-8. She found that the appellant could not establish that his OSC complaint, which he filed after he was dismissed from training at LETC, contributed to the dismissal.[3] ID at 9. Finally, the administrative judge determined that the appellant failed to nonfrivolously allege that his OSC complaint was a contributing factor in any decision not to readmit the appellant into the LETC. ID at 10-11.

The appellant has filed a petition for review, in which he primarily disagrees with the LETC Director's decision to dismiss him from the POST Course. Petition for Review (PFR) File, Tab 1 at 6-8. He reasserts that the LETC Director improperly impeded his continued access to training at LETC. *Id*. at 8. The agency has not filed a response.

---

[3] Although the administrative judge stated in the initial decision that the dismissal from training was "not a personnel action," the context of her finding makes it clear she was finding that the appellant failed to nonfrivolously allege contributing factor. ID at 9. Specifically, she stated that the appellant could not establish that his dismissal from training was retaliatory "since he had not engaged in any protected activity that the time." *Id*.

**DISCUSSION OF ARGUMENTS ON REVIEW**

To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC and nonfrivolously allege that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

Here, the appellant appears to re-raise two alleged personnel actions. Specifically, he contests the merits of his initial dismissal from training, and realleges that the LETC Director improperly prevented him from accessing LETC thereafter. PFR File, Tab 1. We will address each in turn.

As to the appellant's dismissal from training, he makes no specific jurisdictional arguments. Instead, he asserts that he did not engage in misconduct while attending the POST Course and the agency cannot prove a nexus between his dismissal from training and the efficiency of the service. PFR File, Tab 1 at 5-8. We cannot reach these issues regarding the merits of the agency's action absent Board jurisdiction over his IRA appeal. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (finding that in an IRA appeal, the Board may not assume that the appellant has established jurisdiction over his appeal, and then proceed to reject his whistleblower reprisal claim on the merits; rather, the Board must first address the matter of jurisdiction before proceeding to the merits of the appeal).

The appellant does not dispute that he failed to establish the contributing factor element of the jurisdictional test. We discern no basis to disturb the

administrative judge's determination that the appellant failed to nonfrivolously allege that his first OSC complaint was a contributing factor in his dismissal from training 2 months earlier. ID at 9. A protected activity cannot contribute to a personnel action which predates it. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016).

As to LETC's decision to deny the requests of the appellant's managers to readmit him to LETC, the appellant appears to re-raise this claim, but makes no specific arguments. PFR File, Tab 1 at 8; IAF, Tab 6 at 29-32. Nonetheless, we take this opportunity to supplement the administrative judge's finding on contributing factor to incorporate the Board's specific case law on this issue. *See Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007) (expressing the Board's obligation "to determine its own jurisdiction over a particular appeal").

The administrative judge found that the denial of readmission, if true, would be a personnel action. ID at 10. However, she found that the appellant failed to nonfrivolously allege that his OSC activity, beginning with his OSC complaint in August 2019, was a contributing factor in the denial of readmission into LETC. ID at 9-11. More specifically, the administrative judge found that there was neither evidence nor a nonfrivolous allegation indicating that LETC allowed individuals dismissed for misconduct to re-enroll in the POST Course, and she concluded that the decision to bar him from re-enrolling was made at the same time that he was dismissed from the training in June 2019. ID at 9-10. The appellant does not challenge these findings, and we discern no reason to disturb them.[4]

---

[4] The administrative judge also found that the record reflected that the agency had no retaliatory animus toward the appellant. ID at 11. To the extent that the administrative judge thereby reached the issue of whether the agency proved by clear and convincing evidence that it would have taken the same action regardless of the appellant's protected activity, we vacate that finding. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (recognizing that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established a prima facie case of whistleblower reprisal), *aff'd per curiam*,

A disclosure or activity that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). Further, an agency has no obligation to reverse or otherwise reconsider a decision to take a personnel action merely because it later learns that the affected employee made a protected disclosure or engaged in protected activity. *See Buckler v. Federal Retirement Thrift Investment Board*, 73 M.S.P.R. 476, 496 (1997); *Charest v. Federal Emergency Management Agency*, 54 M.S.P.R. 436, 440-41 (1992). To satisfy the contributing factor criterion at the jurisdictional stage when the personnel action at issue is the agency's implementation of a prior decision, an appellant must nonfrivolously allege that the decision was merely contemplated and in preparation at the time the agency learned of his disclosure. *Sherman*, 122 M.S.P.R. 644, ¶¶ 8-9.

In *Sherman*, the Board considered whether an appellant met his jurisdictional burden as to a lowered performance evaluation that the appellant alleged the agency initiated before, but finalized after, the reviewing official learned of the appellant's alleged disclosure. *Id.*, ¶¶ 3-4, 7. The Board found that there was conflicting evidence as to the finality of the initial performance evaluation, and it could not resolve this conflict without weighing that evidence. *Id.*, ¶ 10. Because the Board cannot weigh conflicting evidence at the jurisdictional stage, it found that the appellant met his burden to nonfrivolously allege contributing factor. *Id.*, ¶ 11.

We find that the situation differs here from that in *Sherman* because the appellant has not alleged that the agency's June 2019 decision was provisional. In his June 13, 2019 memorandum dismissing the appellant from the POST

---

623 F. App'x 1016 (Fed. Cir. 2015). Although the U.S. Court of Appeals for the Seventh Circuit has disagreed with the Board's decision in *Clarke*, it has done so on different grounds. *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 923-25 (7th Cir. 2018). Thus, its disagreement does not implicate the finding for which we cite *Clarke* here.

Course, the LETC Director stated that the appellant "will not be able to return to LETC for any further training due to misconduct." IAF, Tab 1 at 7. LETC's directives provide that students whose training assignments are terminated for misconduct are barred from returning to LETC for any future training. IAF, Tab 8 at 24, 26. The directives also provide that "[t]he LETC Director, or designee, is the approval authority for removing a student from training for conduct." *Id*. at 26. There is no indication that any law, rule, or regulation provided students with a right to challenge a dismissal for alleged misconduct from LETC. Nor did the LETC Director otherwise indicate that he might reconsider his decision. IAF, Tab 1 at 7.

The appellant acknowledged that the Director made his decision to "ban [the appellant] from training before he contacted the OSC and therefore his decision [to continue to disallow the appellant to take part in LETC training] could not have been retaliatory." IAF, Tab 6 at 29. The appellant's assertion below that the LETC Director misled OSC investigators in order to justify his original decision to dismiss and bar the appellant from training falls short of an allegation that the determination was provisional. IAF, Tab 6 at 29-32.

Under these circumstances, when the undisputed record reflects that the agency decided to bar the appellant from returning to LETC before he engaged in protected activity, we find that the appellant has failed to nonfrivolously allege that his protected activity was a contributing factor in the agency's decision to not allow him to return to LETC. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the

U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          _Gina K. Grippando_
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.